[Savage v. Wolfe.]

# Savage *v.* Wolfe.

*Petition to Probate Judge to Contest Election held under Local Option Law for Calhoun and other Counties.*

1. *Election under local option law; contest thereof.*—The local option law of Calhoun and other counties, approved March 19th, 1875 (Pamph. Acts, 1874–5, p. 276), containing no provision for contesting elections held thereunder, if there be irregularities in such elections, not apparent on the face of the proceedings or return, statutory contest is not the mode of inquiring into, or correcting them.

2. *Same; purely statutory.*—The authority for holding such elections is purely statutory, and outside of the general jurisdiction of any court; and to set such proceedings in motion, there must be presented to the judge of probate of the proper county the sworn petition of some resident freeholder of the limits, within which prohibition is sought to be established, which must contain every material averment specified in the first section of the act.

3. *Same; application to revoke order establishing prohibition.*—While this act provides that, after prohibition has been established, a second election may be applied for and ordered at the instance, and on the petition "of any freeholder within such limits [who] desires to have the order revoked," there is an express limitation on the right to make this second application, the statute providing that it can only be made "after the expiration of twelve months after the prior election;" and a petition seeking a revocation of the order establishing prohibition, which shows on its face that it was filed within twelve months after the first election, is wanting in a material jurisdictional averment, fails to put the statutory jurisdiction of the judge of probate into exercise, and the proceedings based thereon are *coram non judice,* and void.

4. *Same; when proceedings for an election thereunder should be quashed.*—Where a second election was held under the act to revoke the order establishing prohibition, based on a petition which shows on its face that it was filed within twelve months after the first election, the judge of probate should have quashed the proceedings, on the petition or remonstrance of a freeholder of the territory within which the prohibition was established, averring that "the order authorizing said election was granted before the time allowed by law;" and on appeal from a judgment rendered by him dismissing such petition or remonstrance, this court will reverse the judgment, dismiss the petition for the second election, and quash the proceedings thereon.

APPEAL from Calhoun Probate Court.

Tried before Hon. A. WOODS.

On the 19th of January, 1880, an election was held in beat 9, in Calhoun county, under the provisions of an act of the General Assembly, authorizing probate judges in Calhoun and other counties therein named, "to order elections in certain cases, to prevent the sale or giving, or other disposition of vinous or

[Savage v. Wolfe.]

spirituous liquors within certain limits in such counties," approved March 19th, 1875 (Pamph. Acts, 1874–5, p. 276), which resulted in an order establishing prohibition, under the act, in said beat. On the 10th of January, 1881, J. A. Wolfe, "a citizen of said county and State, and a freeholder and householder residing in said county, in beat 9," filed with the judge of probate of said county his petition, seeking, under the provisions of section 11 of said act, to have an election ordered for the purpose of revoking the former order establishing prohibition; and under an order made on this petition, an election was held on the 25th of January, 1881, in said beat, resulting in a majority of votes, as shown by the returns, in favor of a revocation of the order establishing prohibition. On the 26th of January, 1881, the day on which the returns were made, James H. Savage filed with the probate judge of said county "his statement contesting said election," and thereupon the court appointed the 11th of February, 1881, as the day "upon which to hear and determine said contest," and further ordered that "the confirmation of said election be and is hereby suspended until said contest is decided." One of the grounds set forth in the "contest" is, that "the order authorizing said election was granted before the time allowed by law." On the hearing the court entered an order dismissing the "contest," on the motion of the appellee; and that order is here assigned as error.

J. M. FALKNER, and J. H. SAVAGE, for appellant.

WALDEN & SON, contra.

(No briefs came to the hands of the reporter.)

STONE, J.—The statute, which may be styled the local option law for Calhoun and other counties, approved, March 19, 1875—Pamph. Acts, 276—contains no provision for contesting elections held under it, in the form usually known as contesting elections. If there be any method by which alleged illegal voting, false count, etc., in such elections can be re-examined, it is not by statutory contest.—*Echols v. The State, ex rel. Dunbar*, 56 Ala. 131. If the proceedings be so connected as to give to the probate judge jurisdiction to order an election and to appoint managers to conduct it, then the election may be advertised and held; and if the result of the voting be properly certified and returned to the probate judge, then, if a majority of the electors voting at such election voted in favor of prohibition, and the returns show such to be the fact, it becomes the duty of the probate judge "to make an order on the minutes of said court prohibiting the sale or giving away of vinous or

[Savage v. Wolfe.]

spirituous liquors within the limits mentioned in said petition." If the certified result shows a majority against prohibition, then the application must be dismissed at the cost of the applicant. If there be irregularities not apparent on the face of the proceedings or return, statutory contest is not the mode of raising such questions. The qualifications of the electors, and the general rules for conducting the election, are the same as those which obtain in the general elections, and the managers should conform to the regulations governing general elections.

The authority, however, for holding elections, such as we are considering, is purely statutory, and outside of the general jurisdiction of any court. To set such proceedings in motion, there must be presented to the judge of probate of the proper county the sworn petition of some resident freeholder of the limits, within which prohibition is sought to be established. The petition must contain every material averment specified in the first section of the act, including the averment that the petitioner is a freeholder residing within the proposed limits, and that in the opinion of the petitioner the public good will be promoted by a prohibition of the sale or giving away of vinous or spirituous liquors within such limits. Until such petition is filed, containing proper averments, the judge of probate is without jurisdiction to order an election.

After prohibition has been thus established, a second election may be applied for and ordered, at the instance and on the petition " of any citizen being a freeholder within such limits, [who] desires to have the order revoked." In such case this becomes a jurisdictional averment, and takes the place of the averment in the first petition, " that in the opinion of the petitioner the public good will be promoted by a prohibition," etc. In all other respects the second petition must conform to what is required in the first. But there is a limitation on this right to make this second application. It can only be "after the expiration of twelve months after the prior election." Such is the express language of the statute.

The petition for revocation in this case was sworn to and filed, January 10th, 1881. It shows on its face that the first election which resulted in prohibition, was held, January 19th, 1880; nine days less than twelve months before the second petition was filed. This appears on the face of the petition, and is fatal to it. It failed in this important jurisdictional averment, and failed to put this statutory jurisdiction of the judge of probate into exercise. The whole proceeding, therefore, was *coram non judice* and void.—*Tyson v. Brown*, 64 Ala. 244.

What is the effect of the principles stated above? The petition or remonstrance filed by Savage, while ineffectual as a statutory contest, contains this averment: " 6th. The order au-

thorizing said election was granted before the time allowed by law." This is true, and should have been treated as an opposition to the entry by the probate judge of an order of revocation. He should have quashed the proceedings. And, proceeding to render the judgment he should have rendered, it is ordered and decreed that his judgment be reversed, and a decree here rendered, dismissing the petition and quashing the proceedings. Let the appellee and his sureties pay the costs of the original proceeding in the court below, and himself pay the costs of appeal both in this court and the court below.