# Miller v. Jones.

*Certiorari to Probate Court, to Vacate Order for Election.*

1. *Application to judge of probate to quash election proceedings.*—If an order for an election is void on its face, and the appellee has sufficient interest, the application, in the first instance, is properly made to the judge of probate to quash the proceedings.

2. *What should be certified to Circuit Court.*—To enable the Circuit Court to act intelligently, it is necessary to certify to that court the whole matter on which the action of the judge of probate was invoked, so that the Circuit Court could determine, upon an inspection of the record, whether the judge of probate had jurisdiction to order the election and fix the time for holding the same.

3. *Function of the writ of certiorari.*—Its office is to correct errors of law apparent on the record. Where a new jurisdiction is created, and the course of proceeding thereunder is different from the common law, and no provision is made for reviewing the action of the judge, *certiorari* is the proper remedy.

4. *A license not a contract*—But is a permit revocable at the will of the legislature; and where a license has been granted to sell spirituous liquors, and a valid election is afterwards had, resulting in favor of prohibition, it operates to revoke the license, and to convert what is otherwise a lawful business into a criminal offense.

5. *The proceedings to obtain an election under the act approved December 11th, 1884,* create a new, limited and special jurisdiction, not covered by the grant of general jurisdiction to the probate courts,

[Miller v. Jones.]

and not previously exercised by the judge, requiring for its exercise that the preliminary and essential facts be affirmatively stated.

6. "*An Act to 'regulate' the sale, giving away or otherwise disposing of spirituous liquors,*" does not confer the power to *prohibit* the sale thereof; and where the body of the act provides as well for its *prohibition* as for the regulation of the sale, and the title expresses only that the act is to *regulate the sale,* giving away, &c., of spirituous liquors, such act is violative of the constitutional requirement that, "Each law shall contain but one subject, which shall be clearly expressed in its title."

APPEAL from the Talladega Circuit Court.

Hon. LeRoy F. Box, presiding.

This appeal grew out of proceedings had under the act of December 11th, 1884, enacted by the General Assembly of Alabama, entitled "An Act to regulate the sale, giving away or otherwise disposing of spirituous, vinous or malt liquors, or intoxicating bitters, or patent medicines having alcohol as a base, in Talladega county." Under the authority of that act a petition was filed in the office of the judge of probate of Talladega county, on the 5th day of June, 1885, being a consolidation of two petitions, one dated December 29th, 1884, signed by thirty householders and freeholders of Talladega county, and another petition signed by more than fifty persons, describing themselves as "a portion of the freeholders of said county," dated and filed on said date of June 5th, 1885, praying that an election be had under said act of December 11th, 1884. The judge of probate, Hon. G. R. Miller, issued an order for holding said election, which order was dated June 6th, 1885, appointing the 3d day of August, 1885, as the day for holding the election, of which notice was duly given by the sheriff, and the election was held on said date. The result, as announced, was a majority in favor of "prohibition." Whereupon C. S. Jones, who represented that he was a resident freeholder and householder of Talladega county, and a member of the firm of C. S. Jones & Co., who were engaged in business as retail dealers in vinous, spirituous and malt liquors, in the town of Talladega, in said county, filed his petition, addressed to Judge George R. Miller of the Probate Court of said county, representing that his firm had been licensed to carry on the retail liquor business; had purchased a large stock of liquors for said business, and that petitioner would sustain great loss by the prohibition of the sale thereof; that the election under said act had not been conducted as provided in said act; that the Probate Court had not acquired jurisdiction to order the election, and that the act itself was void. The petition prayed that the election be quashed and annulled, together with all the proceedings and records had and relating to said election. This petition was denied. The petitioner, the said

[Miller v. Jones.]

C. S. Jones, relator for and in behalf of the State of Alabama, applied to the Circuit Court for the writ of *certiorari* from said court to the said George R. Miller, Judge of Probate, directing a full and complete transcript of all the election proceedings, orders, &c., had in said Court of Probate, to be sent up to said Circuit Court for review, which writ was granted by the judge of the Circuit Court.   Motion was made by respondent Miller to dismiss the writ of *certiorari*, on the grounds, first, that said Jones was not a party to the record which was certified by the judge of probate to the Circuit Court; second, that said Jones had no such interest as would enable him to prosecute the writ; third, that said record, certified under said writ, contained two distinct final orders, one ordering an election and the other dismissing the petition of said Jones ; and fourth, that the proceedings sought to be reviewed were not judicial, but legislative.   The motion to dismiss the writ was refused, and the Circuit Court, upon considering said writ, and the return thereto, granted the motion to vacate and annul, and declare void and of no effect, the election had in Talladega county under said act of December 11, 1884, held on the 3rd of August, 1885, together with all the proceedings had under said act in relation to holding said election.   From this order of the Circuit Court this appeal is taken, and the action of said Circuit Court in refusing to dismiss the writ of *certiorari*, upon motion of the judge of probate, and the order annulling the election, are here assigned as error.

JNO. W. BISHOP, JNO. HENDERSON, for appellant.—1. The relator, Jones, is not a party to the record of the election proceedings sought to be vacated.—6 Porter, 505–6 ; 29 Ala. 194.

2. The relator, Jones, has no such interest in the subject-matter of the litigation as gives him a right to sue out or to prosecute the writ of *certiorari*.—24 Ala. 282 ; 48 Ala. 540 ; 49 Ala. 443 ; 34 Ala. 216 and 278.

3. The probate judge having been the actor in the matter of the election, is a proper party to the appeal.—60 Ala. 271.

4. The writ is dual in its nature, and should not have been granted for that reason.—24 Ala. 282, and cases there cited.

5. This is not a writ of right, but the granting rests in the discretion of the court, to be exercised in view of the equity and justice of the case, and of any considerations of public policy, or convenience involved.—Waits Ac. & Defences, Vol. 2, p. 135 ; 65 Barb. N. Y. 435 ; 45 How. Pr. 289 ; 18 Hun. 175 ; 52 N. Y. 445.

6. The legislature, together with the agencies employed by it, for the enactment of laws, is independent of and free from judicial interference.—39 Ala. 698 ; 25 Hun. 131 ; 43 Barb. 232.

[Miller v. Jones.]

7. The validity of a law can be assailed only in a proper case. 48 Ala. 540 ; Cooley on Con. Lim. 160–3–4.

8. The record shows that the judge of probate treated the two petitions filed to bring on the election, as one—either as both constituting one, or the one amendatory of the other, and if either construction will sustain the record, the court will put that construction on it that will sustain the record.—29 Ala. 164 ; 29 Ala. 542 ; see specially p. 554, latter case.

9. The act confers jurisdiction on the probate judge, and the petition calls it into exercise. The act does not require an averment that the petitioners are householders and freeholders. At all events, it is amendable, and was amended by treating the two petitions as one.—29 Ala. 164, 542.

10. As to the constitutionality of the act of December 11, 1884.—Acts 1884–5, p. 234, see 75 Ala. 533 ; 58 Ala. 523 ; 66 Ala. 493 ; 43 Ala. 224 ; 49 Ala. 329 ; 48 Ala. 579.

HEFLIN, BOWDEN & KNOX, *contra.*—1. The act of the legislature, December 11, 1884, (Acts 1884–5, p. 234), is violative of § 11, Art. IV of the Constitution of Alabama, and is therefore inoperative and void.—*Dorsey's appeal*, 72 Penn. St. 195. The power to *regulate* does not embrace the power to *prohibit.* 6 Ala. 899 ; 22 Ga. 203 ; 6 Rich. Sav. (S. C.) 404 ; 10 Wend. 100 ; 82 N. Y. 318 ; 71 Ala. 507 ; 4 Amer. & Eng. Corp. Cases, p. 300 ; 12 Kansas, 630 ; 47 Tex. 548 ; 53 Barb. 70 ; 52 Ala. Ala. 198 ; 35 N. Y. 449 ; 38 N. Y. 183 ; 12 Ga. 36 ; 75 Ala. 533.

2. The Act (Dec. 11, 1884) is not self executing. The first section of the act prescribes what must be done to put it in operation. The jurisdiction of the probate judge in the premises is purely statutory, and can not be exercised except in the manner, and upon the conditions prescribed by the statute.—69 Ala. 571 ; 66 Ala. 119 ; 20 Ala. 446 ; 18 Ala. 694 ; 72 Ala. 233. The petition did not conform to the requirements of the act, and the jurisdiction never attached. Taken separately or combined, the petition or petitions fail to embody the requirements of the act essential to give the probate judge jurisdiction to order the election.

3. It is the office of the writ of *certiorari* to correct errors of a judicial character in inferior courts, and errors in the determinations of special tribunals, commissioners, magistrates, and officers exercising judicial power, affecting the property or right of a citizen, and who act in a summary way, or in a new way not known to the common law.—Wood on Mandamus, p. 194, *et seq.* The writ is properly issued in the name of the people, upon the relation of an individual.—Citing Wood on Mandamus, p. 210 ; 10 Ala. 622 ; 21 Ala. 558 ; 16 Ala. 362, and numerous other authorities.

[Miller v. Jones.]

CLOPTON, J.—All judicial tribunals possess the inherent power to vacate, at any time, any order made by them which is void on its face. Such vacation will be made by the court, where the order is made, on motion by any party having an interest.—*Glass v. Glass*, 76 Ala. 368; *Baker v. Barclift*, 76 Ala. 414. If the order for the election is void on its face, and the appellee had sufficient interest, the application to vacate it was properly made, in the first instance, to the judge of probate, whose power and duty were, in such case, to quash the proceedings.—*Savage v. Wolfe*, 69 Ala. 569. The primary purpose of the *certiorari* is to remove into the Circuit Court for revision the order of the judge of probate, denying the petition and motion to vacate his order for the election, and to quash the proceedings. To enable the Circuit Court to act intelligently and advisedly, it was necessary that the subject-matter, on which the action of the judge of probate was invoked, and all the proceedings relating thereto—that is, that the whole case—should be certified; so that the Circuit Court could determine, on an inspection of the record, whether the judge of probate had jurisdiction to order the election and fix a time for holding the same. They were correlative matters. The *certiorari* is not obnoxious to the objection, that it unites in one writ two distinct orders.

The functions of the writ of *certiorari*, at common law, extended to questions of the jurisdiction of the inferior tribunal, as well as to the regularity of the proceedings. Its office is to correct errors of law apparent on the record. The trial is not *de novo*, unless expressly provided by statute. The statute under which the judge ordered the election creates a new jurisdiction. He acts in a summary manner, and in a course different from the common law. No method is provided by which his action may be reviewed. In such case, *certiorari* is the proper remedy, and the Circuit Court, by virtue of its statutory authority to exercise a general superintendence over all inferior jurisdictions, is the proper court to supervise the proceedings. *McAllilley v. Horton*, 75 Ala. 491; *Town of Camden v. Block*, 65 Ala. 236.

It will be conceded, that no one is authorized to become a party to judicial proceedings, and sue out a *certiorari*, who has not an individual interest in the subject matter, which is affected by the proceedings. The interest must relate to him separately from the public. It must be a private right or privilege, which appertains to him, and which, being in his private keeping, he is authorized to vindicate. An interest or right, which he holds in common with the rest of the community, is not sufficient. It is contended, that Jones had no such personal and separate interest. He is a member of a firm, to

[Miller v. Jones.]

whom a license was issued about May 1, 1885, by the judge of probate, to carry on the business of retailing liquors, which did not expire until January 1, 1886; and was engaged in the business at the time the order for the election was made, and the election was held. Whilst a license to engage in the business of the retail of liquors is not a contract, but is a permit revocable at the will of the legislature; it is nevertheless a personal privilege of value, whatever may be the estimate of the moral character of the business. If the judge of probate made a valid order for an election under authority of a valid statute, the election held in pursuance thereof, having resulted in favor of prohibition, and having been duly published, operates to revoke his license, and to convert what is otherwise a lawful and authorized business into a criminal offense. As such would be the effect of the proceedings if valid, Jones is entitled to test, in any legal mode, their validity as a revocation of his license. His is a legal interest, relating to him individually, which he holds separate and distinct from the rest of the people of the county.

It will not be disputed that the legislature and the agencies employed in the *enactment of laws* are independent of judicial interference; and the courts will not review acts which are legislative. The State government is divided into three distinct departments, and no person, being one of the departments, can exercise any power belonging properly to either of the others, unless expressly directed or permitted by the constitution. Though the abstract proposition asserted by counsel is correct, it is inapplicable and without foundation. Assailing a statute as unconstitutional is not an effort to review a legislative act; and the statute does not undertake or purport to delegate legislative power to the judge of probate. Such delegation is prohibited by the constitution. The office of legislation was performed, when the act, having passed both houses of the General Assembly, was approved by the Governor. The act then became a complete law; only its operation being suspended until the happening of the contingency prescribed by the statute. Judicial and not legislative power is conferred on the judge of probate.

Having ascertained that the circuit court acquired jurisdiction by a proper proceeding instituted by an authorized party, the further inquiry will be addressed to the question of error *vel non* in the judgment from which the appeal is taken.

We assume as a postulate, that the record of every court of statutory limited jurisdiction must affirmatively discover every fact essential to the validity of its orders or judgments. The proceeding to obtain an election under the act is statutory, creating a new, special and limited jurisdiction, not covered by

[Miller v. Jones.]

the grant of general jurisdiction to the probate court, and not previously exercised by the judge. To put this new jurisdiction into exercise, the preliminary and essential facts must affirmatively appear. *Tally v. Grider*, 66 Ala. 119; *Savage v. Wolfe*, 69 Ala. 569. The statute prescribes and defines the jurisdictional facts: " *Whenever fifty or more resident house-holders and freeholders of Talladega county file in the office of the judge of probate of said county, a petition in writing, praying for an election, to ascertain the wishes of the people of said county as to the prohibition of the sale of intoxicating liquors in said county, it shall be the duty of said judge to order an election and fix the time for holding the same.*" Acts 1884–85, 234. A petition, signed by fifty or more persons, stating that they are resident householders and freeholders of the county, and praying for an election, filed in the office of the judge of probate, is indispensable to put the proceeding in motion. It is insisted that *and* should be construed as *or*. *And* and *or* may be convertible words, when required by the sense of the statute; otherwise they will be taken as ordinarily used and understood. The object of the legislature was to guard the people against being unduly precipitated into an exciting election; and therefore required that at least fifty persons should pray for an election, who are residents of the county, and possess the qualifications of both freeholders and householders; in whom were combined the interests of permanency in the value of real property, and of protecting and preserving domestic peace and prosperity. Such are the qualifications of the petitioners prescribed by the legislature, and we are not authorized to dispense, by construction, with either of them.

Two petitions were filed. One of them states, that the petitioners are resident freeholders and householders of the county, and otherwise substantially complies with the requirements of the statute; but is signed by only thirty persons. The other, though signed by a sufficient number, fails to aver that the petitioners are householders, and does not pray for an election to ascertain the wishes of the people of the county. It is urged that the two petitions should be considered as amendatory of each other. It may be, that it is not necessary for all the petitioners to sign one petition; that different petitions signed by different persons is a substantial conformity to the statute; but in such case, each petition should contain averments of all the jurisdictional facts. A consolidation of all will not operate to supply fatal omissions in any one. If the two petitions be considered as an amended petition, there is still an omission of the averment that fifty or more of the petitioners are resident freeholders and householders of the

county; and it is inoperative to put into exercise the statutory jurisdiction of the judge of probate to order an election and fix the time for holding the same. His order was *coram non judice*, and the entire proceeding a nullity.

The constitutionality of the statute, under authority of which the election was held, also is assailed. While the exigencies of the case do not require the consideration of this question, another election under authority of the act would probably necessitate its determination; and if unconstitutional, a present decision may promote the public weal, and discover the necessity of such legislation, as the people may desire, and the General Assembly may deem proper and expedient. Section 2 of Article 4 of the Constitution provides: "Each law shall contain but one subject which shall be clearly expressed in its title." This clause has been repeatedly considered by this Court, and received a full and elaborate discussion in *Ballen tyne v. Wickersham*, 75 Ala. 533. It was held, that the clause is mandatory, though its requirements should not be so exactingly enforced as to embarrass or obstruct legislation. One of the purposes is, to prevent enactments, relating to subjects of which the title gives no intimation, thereby deceiving the legislature by alluring or misleading titles. The inhibition is not directed against the generality or comprehensiveness of the subject expressed in the title; but the constitutional requirement is, whether it be specified or general, the title shall so clearly express the subject as not to mislead or deceive. *Robinson v. Mont. M. B. & L. Assn.*, 69 Ala. 413; *Carson v. The State, Ib.* 235.

The title of the act is, "An act to regulate the sale, giving away, or otherwise disposing of spirituous, vinous or malt liquors, or intoxicating bitters, or patent medicines having alcohol as a base, in Talladega County." But one subject is expressed in the title—the regulation of the sale, giving away or otherwise disposing of liquors—and the enquiry is, does the title express the subject contained in the enactment: in other words, are regulation and prohibition the same or distinct subjects? *Regulate* and *prohibit* have different and distinct meanings, whether understood in their ordinary and common signification, or as defined by the courts in construing statutes. Power granted to a municipal corporation to grant licenses to retailers of liquors, and to regulate them, does not confer power to prohibit, either directly or by a prohibitory charge for a license. *Town of Marion v. Chandler*, 6 Ala. 899; *Ex parte Burnett*, 30 Ala. 461; In *Joseph v. Randolph*, 71 Ala. 499, it is said: "A constitutional right, though subject to regulation, can not be impaired or destroyed, under the devise or guise of being regulated." To regulate the sale of liquor implies, *ex vi ter-*

*mini*, that the business may be engaged in or carried on, subject to established rules or methods. Prohibition is to prevent the business being engaged in or carried on, entirely or partially. The two purposes are incongruous. A title which expresses a purpose to regulate, gives no indication of a purpose to absolutely prohibit. We are constrained to hold the act unconstitutional.

In *Miller v. Jones*, the judgment of the Circuit Court must be affirmed.

The case of *Jones v. Miller*, which was submitted at the same time, is on appeal from the judgment of the Probate Court denying the motion to vacate the order for an election, and to quash the proceedings. After the appeal was taken, but before the transcript was filed in this court, the *certiorari* was sued out, and the judgment of the Circuit Court obtained. This was a waiver of the appeal, and it must be dismissed.