# Caldwell *v.* Grider.

*Contested Petition for Election under Local Prohibitory Law.*

1. *Local option law; re-election after the lapse of twelve months; area covered by petitions.*—Under the provisions of the act approved March 19th, 1875, authorizing local elections in Jackson and other counties, to determine the question whether the sale of intoxicating liquors shall be prohibited within the area or limits specified in the application of the petitioning citizen or citizens (Sess. Acts 1874-5, pp. 276-79), a second election may be had, on petition of any citizen or citizens, after the expiration of twelve months from the first; but such second election must embrace the entire area covered by the first, and an order for an election in a part of that area only is absolutely void.

2. *Same; who may contest order for second election.*—If a second election is improperly ordered and held, under a petition confining it to a portion only of the territory covered by the former election, any citizen residing in that territory may intervene by petition, and ask to have the second order and election revoked, annulled, and declared void.

APPEAL from the Probate Court of Jackson.
Heard before the Hon. JOHN H. NORWOOD.

WM. L. MARTIN, and J. E. BROWN, for appellant, cited *Savage v. Wolfe,* 69 Ala. 569; *Grider v. Tally,* 66 Ala. 119; *Powell v. Mortgage Security Co.,* 87 Ala. 602; *Falk v. Hecht,* 75 Ala. 293; *Glass v. Glass,* 76 Ala. 368; *Buchanan v. Thomason,* 70 Ala. 401; *Bland v. Bowie,* 53 Ala. 152; 2 Brick. Digest, 140, § 137.

NORWOOD & ASHLEY, *contra,* cited *Echols v. State,* 56 Ala. 136; *Clark & Daviney v. Jack,* 60 Ala. 271; *Savage v. Wolfe,* 69 Ala. 261, 561; *Tally v. Grider,* 66 Ala. 119; *Tyson v. Brown,* 46 Ala. 244.

McCLELLAN, J.—The act of March 19, 1875, applicable to Jackson county among others, authorizes elections to be held by order of the judge of probate, to determine whether the sale of intoxicating liquors shall be prohibited in localities designated by petitions addressed to the probate judge, praying that the elections be ordered. It also provides that if, in a given instance, the result of the election shall be favorable to prohibition, the probate judge shall

[Caldwell v. Grider.]

make and enter an order establishing prohibition in the particular territory, give certain notices of such order, &c., and thereafter it shall be unlawful to sell liquor within the district, &c. Section 11 of the act provides, that after the lapse of twelve months from any prior election, under which prohibition has been established, or in which the vote has been against revocation of the order establishing prohibition, "any citizen. being a freeholder within such limits, desiring to have the order revoked," may petition the probate judge, in the same manner as in the first instance, for an election to determine whether the order shall be revoked. Upon this petition being filed, it is made the duty of the probate judge to order an election, and if a majority of the votes cast therein are against prohibition, then the probate judge "shall make an order revoking the former order made by him prohibiting the sale or giving away of spirituous or vinous liquors within such limits."—Sess. Acts 1874–5, pp. 276–9.

Under this act, an election was held in and for beat No. 10 in Jackson county in 1881, resulted in favor of prohibition, and an order was duly made and entered accordingly. In August, 1889, appellee Grider filed a petition praying that an order be made for an election to be held in and by the voters *of a part* of said beat, to determine whether the order of 1881 should be revoked as to *such part* of the territory embraced in the former order. The election was ordered, and thereupon the appellant filed his petition before the judge of probate, insisting that the application for the order did not comply with the statute in several particulars, and among others, in that it did not make a case or pray for an election as to whether the former order covering the whole precinct should be revoked, and praying that the order for an election be set aside, revoked and annulled, &c. Appellant's petition was denied, the election held, resulting in favor of rescinding the former order so far as it related to that part of beat No. 10 which was described in Grider's petition; and appellant's further objections thereto being also overruled, an order was entered up revoking the former order, as to, and only as to, such part of the original territory. And from the rulings of the judge of probate in this behalf, the present appeal is prosecuted.

We entertain no doubt that the order for an election, in response to Grider's petition, was absolutely void. The statute does not authorize the election for which he prayed, nor any election within and confined to the territory described

VOL. LXXXVIII.

in his petition. The language of the act, in respect to a second election, *ex vi termini* refers to the revocation, the rescission, the expunging of the order based on the first election, and applying to the whole of beat No. 10; and necessarily implies that this action shall be the result of an election participated in by all of the qualified voters of that precinct. We see no escape from this conclusion, on the letter of the statute. And it is reinforced, when reference is had to the natural and probable consequences of a different construction. If the order may be revoked in part on the vote of the people in the limits described in Grider's petition, by the voters of that territory, it might with equal propriety be revoked in a much smaller area, or in two or three or a score of small areas in the precinct, and by a majority of the votes in each of such areas, though the combined majority might still be a minority of the vote of the original territory; and thus the sale of liquor would be carried on throughout the beat in the teeth of the avowed purpose of the law, that it should not be sold at all, except upon a vote of a majority in favor of its sale. Nay, more, if the order may be thus revoked as to one half of the beat, it may in like manner be expunged on the vote of one fourth, or one tenth, or one hundredth, or any area which a petitioner may be pleased to describe, having in view the predilection of the voters therein; and thus, on the petition of a person desiring to sell liquor, an election might be ordered for any plantation or farm in the beat, the voters resident upon which the petitioner conceived to be under his control, or favorable to his purpose to establish a grocery; and all the supposed evils of the liquor traffic would be visited upon a whole community, who had, it may be by an almost unanimous vote, declared in favor of prohibition, by the votes of a half dozen interested men. To adopt a construction which would not only admit of, but invite such a result, would be to entirely emasculate the law, and to hold practically for naught the will of the people, which the statute provides shall control in this matter. We repudiate such an interpretation, and of consequence hold, that all action taken, and orders made in response to Grider's petition, were and are *coram non judice* and void.

The case of *Savage v. Wolfe*, 69 Ala. 569, is decisive of appellee's objection to the right of Caldwell to interpose in the proceedings in the court below, in the manner shown by this record. He is a freeholder, not only of the beat, but of

[Aultman & Co. v. Gamble.]

that part of the beat sought to be affected directly by the orders invoked, and he had a right to be heard in the premises. The appellee makes no other objection to the prosecution of this appeal, than is involved in the alleged lack of interest on the part of the appellant.

The view we have taken of a vital point presented by the record renders it unnecessary to consider the assignments of error *seriatim*.

The order of the probate judge, overruling and dismissing the petition of the appellant, is reversed, and the cause remanded.