[The State of Alabama, *ex rel.* Earp *et al.* v. McCary *et al.*]

The complainants in their bill claim a reasonable solicitor's fee for the prosecution of this case for the collection of their debt. While Kelso's note to complainants was lost, the proof shows, clearly enough, that Kelso in the note waived his right of exemptions as to personal property, and agreed, in the same, to pay a reasonable attorney's fee for its collection. The register ascertained and reported that $100 was a reasonable attorney's fee, and to this finding the defendants made no exception. There was no error in its allowance by the court.

While the proof shows satisfactorily, that Kelso was insolvent, it is also sufficient to show that he owned personal property in value over $1,000; and it fails to show that at any time has he ever made selection of any particular property he would retain as exempt, as it was his duty to do, if he claimed and desired it to remain exempt to him.—*Nance v. Nance,* 84 Ala. 375; *Jackson v. Wilson,* 117 Ala. 432. Furthermore, the bill alleges that Kelso waived his exemptions to personal property in the note he executed to complainants, and the defendants in their answer denied this averment of the bill; but the proof satisfactorily establishes its truth.

Finding no error in the decree of the chancellor, it must be affirmed.

Affirmed.

# The State of Alabama, *ex rel.* Earp *et al. v.* McCary *et al.*

*Statutory Proceedings in the Nature of Quo Warranto.*

1. *Constitutional law; single subject clearly expressed.*—The statute (Acts of 1898-99, p. 129), entitled "An act to provide the manner of selecting the police force of the city of Birmmingham and to provide for the efficient management of the police force of said city," which declares that the Board of

Commissioners to select the police force shall consist of seven instead of five members, as originally constituted; that said Board shall be elected by the people instead of appointed by the Governor, as provided in a former act, and which prescribes the terms of office of each member of the Board, the time for their election and the manner of filling vacancies, etc., is not violative of section 2, Article IV of the Constitution declaring that "each law shall contain but one subject which shall be clearly expressed in its title."

APPEAL from the Circuit Court of Jefferson.

Heard before the Hon. A. A. COLEMAN.

This was a statutory proceeding in the nature of *quo warranto* to try title of appellees to the office of police commissioners of the city of Birmingham. Appellees claimed title by virtue of an election held in accordance with the act of the General Assembly (1898-99, p. 129). Section 1 of said act provided that at the next regular election for mayor and aldermen of the city of Birmingham there shall be elected a board of police commissioners of seven members to be voted for by the qualified voters at said election and also provided for their terms of office. Section 2 provided the time for the election of said commissioners. Section 3 provided for filling vacancies in the board. Section 4 provided for the vacation of office by said commissioners. Section 5 related to the term of present commissioners and police officers and patrolmen elected by them. Section 6 related to the warden of the city jail and the management of the jail. Section 7 provided the largest amount to be expended by said board in any one month for salaries for police officers and patrolmen. It was averred that respondents were elected in accordance with said act and had entered upon the discharge of their duties, and assumed the exercise of their powers as such commissioners. The other facts are fully stated in the opinion.

There was a demurrer to the petition, which was sustained, and, the relator declining to plead further, judgment was entered dismissing the information. From this judgment relator appeals and assigns the rendition of same as error.

[The State of Alabama, *ex rel.* Earp *et al.* v. McCary *et al.*]

BANKS & SELHEIMER and BRADLEY & MORROW, for appellant.

WARD & HOUGHTON and BOWMAN & HARSH, *contra.*

TYSON, J.—The act approved December 12, 1892, (Acts, 1892-93, p. 177) established a board of commissioners of police for the city of Birmingham to consist of five members to be appointed by the probate judge of Jefferson county, and defined their powers and prescribed their duties. Their chief duty was the appointment of the police force of said city and to exercise full control over said force. The right of suspension or renewal was conferred upon the board of any member of the police force for cause, etc.

The act approved February 18, 1895 (Acts, 1894-95, p. 1153) enlarges the powers of the commissioners and more definitely defines their duties with respect to the appointment and control of the police force and provides for their appointment by the Governor, instead of by the probate judge.

Under the provisions of the act approved December 9, 1898, (Acts, 1898-99, p. 129), the board is to be composed of seven members instead of five, who are to be elected by the people. This act prescribes the terms of office of each member of the board, appoints the time for their election, the manner of filling vacancies, etc. The title of this act is, "To provide the manner of selecting the police force of the city of Birmingham and to provide for the efficient management of the police force of said city."

The question here presented for our determination is the constitutionality of this act. The sole objection urged is, that it offends section 2, Art. IV of the constitution which declares that "Each law shall contain but one subject which shall be clearly expressed in its title." This provision has been so frequently passed upon by the court and its purpose and object so often stated that it is hardly necessary to discuss it here. So we will content ourselves with the mere statement that its object was to prevent deception by the inclusion in

a bill of matter incongruous with the title; to prevent the misleading of the General Assembly and the public generally, by the introduction into an act of matters foreign to each other.—*Ex parte Pollard,* 40 Ala. 77; *Key v. Jones,* 52 Ala. 238. However, in the application of this rule we must be careful not to unduly cripple or embarrass legislation. It is, therefore, not essential that the title shall define or disclose the subject with precise accuracy. "It is enough if the subject be *one,* and that the title so express that subject as that the reader will readily understand the several provisions of the enactment as being embraced in or referable to that subject."—*Boyd v. State,* 53 Ala. 606; *Adler v. State,* 55 Ala. 21.

A cursory examination of the former statutes, the substance of which we have set out above, will disclose that the *manner* of selecting the police force was by the board of commissioners. And, indeed, no authority or power is conferred upon the board by the act under consideration of selecting the police force. If it stood alone or if it be looked to without reference to the provisions of the two former acts, it would be practically meaningless. It was framed with reference to the legal existence of this board and the power and duties already conferred. It clearly recognizes that it is by and through the exercise of the powers heretofore conferred upon this already established board of commissioners that the police force was to be selected. The board was simply the means, method, way or instrumentality of selecting the police force; for the word *manner* as used in the title of this act is a synonym of method, way, means or instrumentality. The manner, method, or means of selecting the police force having been provided for, when the General Assembly were called upon to pass the act under consideration, it must be presumed that they knew that it was to be done by the board of commissioners. Knowing this, when the words of the title "To provide the *manner* of selecting the police force," etc., were read, they must have known that the bill was dealing with the subject of the method, means, way or instrumentality of selecting the police

force, viz., the board of commissioners. This being true, the title was not misleading or deceptive and the act is not subject to the objection urged against it.

Affirmed.