143 So. 555

### TALLEY v. WEBSTER et al.
### 1 Div. 676.

Supreme Court of Alabama.

Oct. 6, 1932.

See, also, 222 Ala. 188, 131 So. 555.

J. G. Bowen, of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellees.

BOULDIN, J.

Appellant brought suit in unlawful detainer. The defendants appealed to the circuit court. On motion of defendants, the suit was dismissed at the cost of the plaintiff. The appeal is from this order.

By section 2 of an act "to regulate the practice and procedure in courts of justices of the peace in Mobile county," approved September 10, 1915, it is provided: "That before instituting suit in the court of a justice of the peace in Mobile county requiring personal service on the defendant, the plaintiff or his attorney shall make affidavit, before such justice of the peace, of facts showing that such suit is authorized by law; and without such affidavit, all proceedings in such suit shall be null and void." Local Acts 1915, p. 312.

The tenor of the act as a whole discloses a purpose to further legislate against the institution of suits before justices of the peace in Mobile county in precincts other than those prescribed by law; to avoid the necessity for a defendant to appear in such case and raise the issue in such courts.

The main, if not the sole, point, raised by assignments of error, and presented in brief on this appeal, is to the effect that this statute is violative of section 105 of the Constitution, providing that "no * * * local law * * * shall be enacted in any case which is provided for by a general law * * nor shall the legislature indirectly enact any such * * * local law by the partial repeal of a general law."

■ We need not review the numerous cases construing this section. Suffice to say it does not inhibit the passage of local laws on subjects, not prohibited by section 104, merely because such local law is different, and works a partial repeal of the general laws of the State in the territory affected.

■■ Manifestly, the local act in question, in several respects, changes the existing law regulating the jurisdiction of suits in the justice courts in Mobile county. Whether there was occasion to remedy some evil of this character in Mobile county was a legislative, not a judicial, question. The act in question is not violative of section 105 of the Constitution. Dunn v. Dean, 196 Ala. 486, 71 So. 708; State, etc., v. Prince, 199 Ala. 444, 74 So. 939; Brandon v. Askew, 172 Ala. 160, 54 So. 605; Board of Revenue v. Kayser, 205 Ala. 289, 88 So. 19; Jackson v. Sherrod, 207 Ala. 245, 92 So. 481; Riley v. State, 209 Ala. 505, 96 So. 599; Polytinsky v. Wilhite, 211 Ala. 94, 99 So. 843; Ex parte Alabama Brokerage Co., 208 Ala. 242, 94 So. 87; Forman v. Hair, 150 Ala. 589, 43 So. 827; City Bank & Trust Co. v. State, 172 Ala. 197, 55 So. 511; City Council v. Reese, 149 Ala. 188, 43 So. 116; State ex rel. Day v. Bowles, 217 Ala. 458, 461, 116 So. 662.

Section 8 of the act expressly provides that the defendant may interpose in the circuit court any defense to the jurisdiction of the justice court which could have been interposed in that court.

This abrogates as to Mobile county the long-settled rule that the question of venue, as relating to the precinct in which a suit is brought, must be raised in the justice court.

The argument that a justice of the peace, by virtue of Code, § 8704, subd. 3, has rightful jurisdiction over cases of unlawful detainer throughout the county, and for that reason the act in question does not apply to such actions, is not well taken. Venue of such actions is prescribed by Code, § 8008.

Whether the act in question is inapplicable to cases of unlawful detainer for any other reason is not presented, and not considered.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.