34 So.2d 152

**STEADMAN v. KELLY et al.**

**3 Div. 493.**

Supreme Court of Alabama.

Feb. 19, 1948.

Boutwell, Pointer & Hawkins, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Hugh F. Culverhouse, Asst. Atty. Gen., for appellees.

STAKELY, Justice.

Lawrence G. Steadman (appellant), who is a resident citizen of Madison County, Alabama, filed a petition for writ of mandamus against Lamar Kelly, Melvin L. Dawkins and John P. Faulk, Jr., members of the Alabama Alcoholic Beverage Control Board, to require them to issue him a license to sell beer at his place of business which is located in Madison County, Alabama, but outside the limits of the police jurisdiction of any town, city or municipality. The petition alleges that the Alabama Alcoholic Board has unlawfully and without authority of law refused to issue to petitioner a license for the year 1947 to sell beer in Madison County, Alabama.

All of the allegations of the petition are admitted by the respondents except that they deny that they have unlawfully refused to issue to the petitioner the license for which he applied. The respondents state in their answer that their refusal to issue the license was solely by virtue of local act No. 472 passed by the Regular Session of the Legislature of 1947. Loc. Acts 1947, p. 331. The title of the act is as follows: "To regulate the sale of alcoholic beverages in Madison County." The pertinent provision of the act is found in § 1, as follows: "It is unlawful for any person, firm, corporation, or association to sell or offer to sell any spirituous or vinous liquor in Madison County except at Alabama Alcoholic Beverage Control Board liquor stores, or to sell or offer to sell with-

in such county any malt or brewed beverages except within the police jurisdiction of an incorporated municipality thereof."

The court denied the petition for mandamus and hence this appeal.

It is the serious insistence of the appellant that the foregoing local act of the legislature is void and of no effect because it violates Article IV, § 45 of the Constitution of Alabama and because it violates Article IV, § 105 of the Constitution of Alabama. Obviously if the local act is invalid, then the rights of petitioner are governed by the general law as found in Chapter 1, Title 29, Code of 1940.

Section 45 of Article IV of the Constitution of Alabama requires that "each law shall contain but one subject, which shall be clearly expressed in its title," with certain exceptions not here applicable. The purposes of this section have been stated so often as not to require restatement here. State v. Nelson, 210 Ala. 663, 98 So. 715; State v. McCary, 128 Ala. 139, 30 So. 641. It will be noted that the title of the act is to regulate the sale of alcoholic beverages in Madison County. It is the insistence of appellant that section one of the act goes beyond mere regulation and is a prohibition of the sale of liquor or malt beverages. It is claimed that there is a real distinction between regulation and prohibition and that regulation can in no way be considered as including prohibition. Accordingly it is argued that the body of the bill includes matter not germane to the title.

In the case of Ajax v. Gregory, 177 Wash. 465, 32 P.2d 560, 563, the court said, "To prohibit the liquor traffic implies the putting a stop to its sale as a beverage, to end it fully, completely, and indefinitely. To regulate implies that the sale of intoxicating liquor shall go on within the bounds of certain prescribed rules, restrictions, and limitations." In the foregoing case the court held that the state had power to provide for sale of intoxicating liquors solely through state stores.

In the case of Churchill v. Common Council of City of Detroit, 153 Mich. 93, 94, 116 N.W. 558, the court held that the words "to regulate" in the Detroit City Charter, authorizing the common council to regulate the selling of intoxicating liquors, does not give the power to prohibit the sale of liquors, but on the contrary authorizes the municipality to confine the exercise of such business to a certain locality.

In the case of City of Tacoma v. Keisel, 68 Wash. 685, 124 P. 137, 139, 40 L.R.A., N.S., 757, the court held that under Rem. and Bal. Code § 7507, providing that cities of the first class shall have power to regulate the selling or giving away of intoxicants, a regulation which works a partial prohibition is valid, the word regulate necessarily implying some degree of restraint and prohibition of acts usually done in connection with the thing to be regulated. We quote from the court's decision in this case, as follows: " * * * It seems clear to us that the mere fact that the ordinance in some measure prohibits the sale and giving away of intoxicating liquors in licensed saloons in the city does not render the ordinance invalid because of lack of power to enact it; since a limited degree of prohibition is apparently one of the methods of regulating the liquor traffic recognized by law. * * *"

In the case of Territory v. Miguel, 18 Haw. 402, there was involved "An Act to regulate the sale of spirituous liquors repealing Act 67 of the Session Laws of 1905". The act was held not violative of Organic Act, § 45, 48 U.S.C.A. § 578, requiring that each law shall embrace but one subject which shall be expressed in its title in that it prohibited as well as regulated sales, since regulating sales implied the restrictions and limitation of the number and volume and times and places of selling and required the prohibition of sales not made in conformity with regulation.

In the case of State ex rel. Thornbury v. Gregory, 191 Wash. 70, 70 P.2d 788, the court held that the power to regulate a business does not necessarily imply the power to prohibit or suppress such business, but it does include authority to confine the business to certain hours of the day, to certain localities or buildings and to prescribe rules for its prosecution within those hours, localities and buildings.

In the case of General Outdoor Advertising Co. v. Department of Public Works, 289 Mass. 149, 193 N.E. 799, the court held that under a constitutional amendment authorizing the legislature to regulate and restrict outdoor advertising the legislature may prohibit advertising in places or districts but not generally throughout the commonwealth.

It is worth noting that in the case of United States v. Hill, 248 U.S. 420, 425, 39 S.Ct. 143, 145, 63 L.Ed. 337, the Supreme Court of the United States had the following to say.

"The power of Congress, it is true, is to regulate commerce, which is ordinarily accomplished by prescribing rules for its conduct. That regulation may take the character of prohibition, in proper cases, is well establishsd by the decisions of this court. * * *."

This court has had occasion to comment on the meaning of the words regulate and prohibit. In the case of Ivey v. Railway Fuel Co., 218 Ala. 407, 118 So. 583, 585, the court speaking through Mr. Justice Bouldin said: "Regulative statutes, however, usually forbid or prohibit certain things as part of the regulations. In the nature of it, regulation defines what shall and shall not be done in certain events."

In the case of Ex parte Byrd, 84 Ala. 17, 4 So. 397, 398, 5 Am.St.Rep. 328, Mr. Chief Justice Stone said: " * * * While the power 'to regulate' does not authorize prohibition in a general sense, 'for the very essence of regulation is the existence of something to be regulated,' yet the weight of authority is to the effect that this power confers the authority to confine the business referred to to certain hours of the day, to certain localities or buildings in a city, and to the manner of its prosecution within those hours, localities, and buildings. * * *" See also State v. Skeggs, 154 Ala. 249, 46 So. 268.

The statute under consideration does not prohibit the sale of spirituous or vinous liquors throughout Madison County but merely provides that such beverages cannot be sold except at the Alabama Beverage Control Board Local Stores and except that any malt or brewed beverages cannot

be sold in the county except within the police jurisdiction of an incorporated municipality thereof. In other words, the prohibition against the sale of the foregoing beverages is not such as to end it fully, completely and indefinitely within Madison County, but confines the sale to the local stores of the Alabama Beverage Control Board and to certain localities within the county. The act recognizes the right to sell in Madison County but subjects the sale to certain regulations as to locality.

In passing on the contentions of the appellant we should consider the Alabama authorities relied on by the appellant. In the case of Yahn v. Merritt, Judge, 117 Ala. 485, 23 So. 71, the title of the act dealt only with the regulation of the sale of liquors while the body of the act not only prohibited the sale of liquors, except in incorporated towns, but also the giving away or otherwise disposing of such liquors. In that case the title read as follows: "An Act To provide for and regulate the sale of liquors and other intoxicating drinks in Geneva County, Alabama." Acts 1896-97, p. 599.

The pertinent provisions of the act read as follows: "From and after the passage of this act it shall be unlawful for any person or persons to sell, barter, exchange, give away, deliver or otherwise dispose of any spirituous, vinous or malt liquors or intoxicating bitters, or any other intoxicating drink in Geneva County, except in incorporated towns that are under police regulations which are of force and effect." Section 1.

In that case the court held that the body of the act was inconsistent with its title as the act not only regulated the sale of liquors but also the giving away of liquors.

In the case of Ex parte Cowert, 92 Ala. 94, 9 So. 225, 226, this court held that an act authorizing the town to prohibit the sale of intoxicating liquors, entitled an act to amend a specified act to establish a charter for the town, which latter act only authorized the collection of the tax for selling liquors, is in violation of the constitutional provision. The principal issue in that case was whether the provisions of the act which prohibited the sale of liquors is

expressed in the title of the act. The title of the act there in question was as follows:

" 'To amend section 1 of an act approved January 16, 1879, and entitled 'An Act to amend Section 12 of an Act to establish a new charter for the town of Union Springs', approved February 1, 1876."

Section 12 of the act of 1876 as amended by the act of 1879 provided solely for the assessment, levy and collection of taxes for selling liquors for the support of the municipality.

In Miller v. Jones, 80 Ala. 89, the title to the act there in question read as follows: "An Act to regulate the sale, giving away, or otherwise disposing of spirituous, vinous or malt liquors, or intoxicating bitters, or patent medicine having alcohol as a base, in Talladega County."

The body of the act, however, provided as follows: "Whenever 50 or more residents, householders and freeholders of Talladega County file in the office of the Judge of Probate of said county, a petition in writing, praying for an election to ascertain the wishes of the people of said county as to the prohibition of the sale of intoxicating liquors in said county, it shall be the duty of said judge to order an election and fix the time for holding the same."

From the foregoing it appears that the provisions of the body of the act provided for an election to ascertain the wishes of the people for a complete prohibition of intoxicating liquors. As pointed out, this is not the situation in the provisions of the local act under consideration in the case at bar.

Morgan v. State, 81 Ala. 72, 1 So. 472, 473, presents a situation similar to that in Miller v. Jones, supra. In the Morgan case this court held that an act entitled " 'An act to regulate the sale, giving away, or otherwise disposing of spirituous, vinous, or malt liquors, etc. * * * in Calhoun County,' " was in violation of the constitutional provision because the body of the act authorized complete prohibition in the county on an affirmative vote of the people as ascertained by an election.

We conclude that the local act under consideration does not infringe § 45 of Article IV of the Constitution of Alabama because the provisions of the body of the act are by fair intendment connected with and cognate to the subject expressed in the title of the act. Alabama Great Southern Railroad Co. v. Reed, 124 Ala. 253, 27 So. 19, 82 Am.St.Rep. 166.

II. There can be no doubt that the legislature had the power under Article IV, § 104 of the Constitution of Alabama to enact the local act here involved. We quote from § 104 of the Constitution of Alabama as follows:

"The legislature shall not pass a special, private, or local law in any of the following cases:

"(1) Granting a divorce;

"(2) Relieving any minor of the disabilities of nonage;

"(3) Changing the name of any corpo, ation, association, or individual; * * *

"(31) Declaring who shall be liners between precincts or between counties;

"The legislature shall pass general laws for the cases enumerated in this section, provided that nothing in this section or article shall affect the right of the legislature to enact local laws regulating or prohibiting the liquor traffic; but no such local law shall be enacted unless notice shall have been given as required in section 106 of this constitution."

It appears from the foregoing that the legislature has the authority to enact local acts when deemed advisable for the regulation or prohibition of the liquor traffic. It is earnestly contended, however, that under Article IV, § 105 of the Constitution of Alabama, the legislature had no power to enact the local law here involved. This section of the constitution reads as follows: "No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any

such special, private, or local law by the partial repeal of a general law."

 The Alabama cases hold that "Section 105, as repeatedly held by this court, does not inhibit local legislation on subjects not enumerated in section 104, where the object of the local law is to accomplish an end not substantially provided for and effectuated by a general law, notwithstanding there is a general law dealing with the subject or system affected by the local law." Polytinsky v. Wilhite, 211 Ala. 94, 95, 99 So. 843, 844; State v. Prince, 199 Ala. 444, 447, 74 So. 939; Board of Revenue v. Kayser, 205 Ala. 289, 88 So. 19; Jackson v. Sherrod, 207 Ala. 245, 92 So. 481; Dunn v. Dean, 196 Ala. 486, 71 So. 709; Riley v. State, 209 Ala. 505, 96 So. 599; Brandon v. Askew, 172 Ala. 160, 54 So. 605. Nor does § 105 prohibit additional and supplemental local laws to meet local needs substantially different from general law.

In the case of Standard Oil Company v. Limestone County, 220 Ala. 231, 124 So. 523, 526, this court said: "Section 105, above, has been often considered by this court. Suffice to say it is fully settled that this section does not forbid local legislation on subjects not prohibited by section 104, merely because a general law deals with the same matter. If, in the judgment of the Legislaure, local needs demand additional or supplemental laws substantially different from the general law, the Legislature has power to so enact." See also Talley v. Webster, 225 Ala. 384, 143 So. 555.

In Talley v. Webster, supra, this court held that a local act changed the general act which regulated the jurisdiction of suits in justice courts in Mobile County. In that case in holding the local act constitutional with reference to § 105, this court said: "We need not review the numerous cases construing this section. Suffice to say it does not inhibit the passage of local laws on subjects, not prohibited by section 104, merely because such local law is different, and works a partial repeal of the general laws of the State in the territory affected." See also Walker County v. Barnett, 247 Ala. 418, 24 So.2d 665.

 We think it clear from a consideration of the foregoing Alabama cases that there was no violation of § 105, Article IV of the Constitution of Alabama.

We conclude that the court acted correctly in denying the petition for the writ of mandamus.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.