71 So.2d 529

### VAN SANDT v. BELL et al.

### 8 Div. 617.

Supreme Court of Alabama.

March 25, 1954.

Russell W. Lynne, Decatur, for appellant.

Griffin, Ford, Caldwell & Ford, Huntsville, amici curiæ.

Smith, Johnston & Butler, Huntsville, for appellees.

558

This is a suit in equity brought by complainant, appellant here, and seeks a declaratory judgment holding that local act No. 466, approved September 15, 1939, Local Acts 1939, page 280, is unconstitutional because in violation of section 105 of the Constitution of 1901. A final decree was rendered which upheld the act against that attack, except as to section 11 of it which made provision for minimum prices and hours for barbers' services. That section of said act was held unconstitutional pursuant to a stipulation of the parties made at the hearing and trial. It was also then argued that the present barber board has, since the approval of the act and up to that time, been attempting to enforce and enforcing the various provisions of the act with the exception of section 11.

In the case of Lisenba v. Griffin, 242 Ala. 679, 8 So.2d 175, this court was dealing with an ordinance of the city of Gadsden, which was not affected by the local act here in question, but which gave expression to some principles which apply to this suit. It was there held that the city could not regulate the charges for barbers' services because that would violate a freedom secured by section 1 of the "Declaration of Rights" of our Constitution. It was held to be inconsistent with section 6, Title 22, Code, and therefore violative of section 89 of the Constitution. It was further held that the mere declaration by the legislature that a certain kind of business was affected with a public interest is not conclusive, and that a city is without authority to make such declaration.

It is conceded that the legislature is without authority to prescribe the amount of charges for barbers' services.

It is also insisted that the legislative act in question is in conflict with section 6, Title 22, supra. Section 6 is not a constitutional provision. While under section 89 of the Constitution a city cannot enact an ordinance inconsistent with a state law, there is and can be no legislative restriction on its own power to make an enactment inconsistent with an act previously passed by it. That being the legal status,

PER CURIAM.

section 6, supra, should be construed to be a prohibition on municipal enactments to conform to section 89, supra, and does not mean to prohibit legislation inconsistent with it.

So that, the argument that the act of 1939, supra, is inconsistent with section 6, Title 22, is untenable, unless section 6 is an amendment of that act. Section 6, as it now appears, was enacted in 1935, Acts 1935, page 926, as a part of a comprehensive act amending the health laws of the state. That was its last enactment except as a section of the Code. By section 9, Title 1, Code, local acts are not repealed by the adoption of the Code. The local act of 1939, supra, enacted after the act of 1935, supra, was not repealed by section 6, Title 22.

It is next insisted that the act of 1939 violates section 105 of the Constitution; which among other thing prohibits a local law "in any case which is provided for by a general law". It is argued that section 17 of the act contains much that is provided for by general laws: to wit, sections 60, 62, 63, 64, 65, Title 22, Code; that section 12 is covered by section 61, Title 22, Code; section 18 is covered by section 104, Title 22, and that section 5 is covered by sections 70, 71, Title 22.

The effect of section 105, supra, upon such a situation has been often stated to be that it "does not forbid local legislation on subjects not prohibited by section 104, merely because a general law deals with the same matter. If, in the judgment of the Legislature, local needs demand additional or supplemental laws substantially different from the general law, the Legislature has power to so enact." Standard Oil Co. v. Limestone County, 220 Ala. 231, 124 So. 523, 526. And it is not prohibited "merely because such local law is different, and works a partial repeal of the general laws of the State in the territory affected." Talley v. Webster, 225 Ala. 384, 143 So. 555; Johnson v. State ex rel. City of Birmingham, 245 Ala. 499(3), 17 So.2d 662. Nor "where the object of the local law is to ac-

complish an end not substantially provided for and effectuated by a general law". Steadman v. Kelly, 250 Ala. 246(5), 34 So. 2d 152, 156. Section 105, supra, makes it the duty of the courts to judge as to whether the matter of said law is provided for by a general law.

It is said in Standard Oil Co. v. Limestone County, supra, that "courts are charged with the duty to determine whether there is a substantial difference between the general and the local law, but cannot invade the legislative domain to determine whether a county should have a local law substantially different and in addition to the state law."

Those features of Title 22, supra, were in the Code of 1923, and included in the general revision of the state health laws enacted in 1935, supra, in the same terms as they now appear in the Code of 1940. So that when the local act in question was enacted the law on the subject was as now set forth in said Code sections, although it was then as revised by the act of 1935, supra.

We will therefore compare the features of the local act with the general law enacted in 1935 (as now set out in the Code) to see if it contravenes section 105 of the Constitution on the theory of our cases construing section 105. We see no substantial difference between section 17(1), Local Acts 1939, page 280, and section 62, Title 22. Section 17(2) does not seem to have a counterpart in the general act. Section 17(3) has a counterpart in section 64, supra. Sections 17(4) and (5) do not seem to have a counterpart in the general act. Section 17(6) has a counterpart in section 60, supra. Section 17(7) is as section 62 in substance. Section 17(8) has no counterpart. Sections 17(9), (10) and (11) are as in section 62, except with more detail. Section 17(12) is as in section 63. Section 17(13) is as in section 65, and section 17(14) has no counterpart.

Section 12 of the local act is an enlargement and addition to section 61, supra. Section 18 of the local act is an enlarge-

ment of section 104, supra. Section 5 of the local act is an enlargement of section 70, supra.

In addition to the foregoing features of the local act, it provides for the creation of a county board of barber examiners, consisting of four members, of whom three shall be practicing barbers of certain experience and the fourth shall be the county health officer. The duties and powers of the board are prescribed. They include inspections, examinations and enforcement of the regulations enumerated. There is no general law in this state which provides for a board of barber examiners although there are several local laws to that effect. There does not seem to have been any question raised with respect to those acts as a violation of section 105 of the Constitution. See Local Acts, 1935, page 180; General Acts 1949, page 1036; Couch v. Rodgers, 253 Ala. 533, 45 So.2d 699.

■■ We find that there is a substantial difference between the local law in question as a whole and the general laws on the subject, sufficient to justify the enactment of the local law in the wisdom of the legislature. Also that it is not beyond the police power of the state to protect in that manner the health of its people.

As previously observed, section 11 of the act is by agreement beyond the power of the legislature. But the balance of the act does not seem to impinge on any feature of the Constitution, which has been brought to our attention.

The decree of the circuit court, in equity, should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.