81 So.2d 277

**In re OPINION OF THE JUSTICES.**

**No. 138.**

Supreme Court of Alabama.

March 18, 1955.

Questions were propounded by the House of Representatives to the Justices of the Supreme Court, under Code 1940, Tit. 13, § 34, relating to the constitutionality of House Bill No. 39, levying a privilege license tax for Marion County upon electric or hydro-electric utilities operating in said county.

Questions answered.

Resolved, That the Justices of the Supreme Court, or a majority of them, are respectfully requested to give the House their written opinions on the following important constitutional questions which have arisen concerning the constitutionality of H. 39, a bill pending in the Legislature. H. 39 is in words and figures as follows:

"A Bill
To Be Entitled
An Act

"Relating to Marion County; levying a county privilege license tax on electric and hydro-electric public utilities, providing for the collection and enforcement of such tax and for the distribution and use of the proceeds thereof.

"Be It Enacted By The Legislature Of Alabama: .

"Section 1. Each person, firm, or corporation operating an electric or hydro-electric public utility in Marion County shall pay a county privilege license tax in an amount equal to five per cent of the gross receipts of such business. The tax herein levied shall be in addition to all other taxes and licenses heretofore levied or imposed by law, and shall be due and payable in monthly installments on or before the 20th day of the month next succeeding the month in which the tax accrues.

"Section 2. The books of every person, firm, or corporation operating an electric or hydro-electric public utility in Marion County shall be open to inspection by the duly authorized agents of Marion County selected or appointed for the purpose of aiding in the collection and enforcement of the tax imposed by this Act. The governing body of Marion County is hereby authorized and empowered to make such reasonable rules and regulations as may be necessary to enforce and collect the tax hereby imposed, and shall have full authority to employ such legal counsel, agents, and assistants as it deems necessary from time to time to enforce the collection of such tax or to effectuate the purposes of this Act. Such counsel, agents, and assistants as may be employed shall be paid from the proceeds of the tax collected hereunder, or from any other funds available to the county governing body.

"Section 3. Any person, firm or corporation that fails to pay the tax herein levied within the time required by this Act shall pay, in addition to the tax, a penalty of ten percent of the amount of the tax due, together with interest thereon at the rate of one-half of one per cent per month, or fraction thereof, from the date on which the tax herein levied became due and payable, such penalty and interest to be assessed and collected as a part of the tax. Provided, the governing body of Marion County may waive or remit the penalty or any portion thereof if a good and sufficient reason therefor is shown.

"Section 4. The tax herein levied, together with interest and penalties imposed, shall be a lien upon the property of any person, firm, or corporation due to pay said taxes under the provisions of this Act, and all of the provisions of the revenue laws of the State of Alabama applying to or with reference to the enforcement of liens for license taxes due to the State of Alabama shall apply fully to the collection of the taxes levied herein, and the State Department of Revenue, when authorized by the governing body of Marion County, shall have the power and authority to collect and enforce said taxes.

"Section 5. All revenue arising from the tax levied by this Act shall be used exclusively for the following purposes: 1) one-third (⅓) for the construction, maintenance, and operation of a county airport; 2) one-fourth (¼) for the Marion County Public Building Authority; 3) five-twelfths (5⁄12) for the general fund in the county treasury. In the event a special public body is created by law for the purpose of constructing, maintaining, and/or operating a county airport, the revenue herein allocated to the general fund of the county for a county airport shall be paid over to such public body.

"Section 6. Distributors and sellers of electricity whose business activities are not subject to regulation by the Alabama Public Service Commission shall be exempt from payment of the tax levied by this Act.

"Section 7. All laws or parts of laws in conflict with the provisions of this Act, whether general, local, or special, be and the same are hereby repealed to the extent of the conflict.

"Section 8. This Act shall become effective upon the first day of the month following its passage and approval by the Governor."

Question 1. Is the subject of H. 39 single and clearly expressed in the title as required by Section 45 of the Constitution?

Question 2. Are all the provisions of H. 39 germane, cognate, and referable to the subject expressed in the title as required by Section 45 of the Constitution?

Question 3. Do the provisions of Section 4 of H. 39 amending, extending, or conferring the provisions of the general law by reference contravene Section 45 of the Constitution?

Question 4. If it is duly enacted, would H. 39 violate Section 217 of the Constitution?

Question 5. If H. 39 is duly enacted, would the provisions of Section 6 thereof make the act violative of Section 104(25) of the Constitution?

Question 6. If duly enacted, would H. 39 be violative of Section 105 of the Constitution, considering the fact that the subject matter of the act is prohibited by the provisions of the general law contained in Section 188 of Title 51, Code of Alabama (1940)?

Question 7. Would the provisions of Section 6 of H. 39 if duly enacted, render the act discriminatory and repugnant to the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States?

Resolved further, that the Clerk of the House be directed to transmit, forthwith,

seven copies of this resolution to the Clerk of the Supreme Court.

The House of Representatives
State Capitol
Montgomery, Alabama

Dear Sirs:

We acknowledge receipt of your communication of March 11, 1955, enclosing copy of House Resolution No. 11, wherein you request our opinion as to whether House Bill No. 39 is violative of certain provisions of the Constitution of this state and the Constitution of the United States.

At the outset, we would like to make it clear that the views herein expressed are those of the individual justices of the court, made without the benefit of comprehensive briefs or oral argument, and such views are not to be considered as binding on the court.

■ Questions 1 and 2 relate to that part of § 45 of the Constitution of this state which ordains that "each law shall contain but one subject, which shall be clearly expressed in its title," with certain exceptions of which H. 39 is not one. The purpose of the quoted provision was well stated in Ballentyne v. Wickersham, 75 Ala. 533, and has been so frequently restated and is so well understood as not to require detailed treatment here. It is sufficient to say that the title of an act need not be an index to it nor need it catalogue all powers intended to be bestowed. When the subject is expressed in the title in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in and authorized by it. Kendrick v. Boyd, 255 Ala. 53, 51 So.2d 694; Dearborn v. Johnson, 234 Ala. 84, 173 So. 864.

So viewed, we think the subject of H. 39 is clearly expressed in its title and that its provisions are germane, cognate and referable to the subject expressed in the title. Therefore, we answer Questions 1 and 2 in the affirmative.

■ Question 3 apparently is asked because of that part of § 45 of the Constitu-

tion which reads: "* * * and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length." We have held that the quoted proviso does not apply to acts which are independent and complete within themselves, although they adopt by reference merely the provisions of other laws on the same subject. Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487, and cases cited. A new law may specify the procedure to be followed by adopting by reference the regulations of an existing statute. Hutto v. Walker County, 185 Ala. 505, 64 So. 313. Our answer to Question 3 is, No.

■■ H. 39 is unaffected by § 217 of the Constitution of this state providing that "the property of private corporations, associations, and individuals of this state shall forever be taxed at the same rate; * *." This provision relates only to direct property taxes. Newton v. City of Tuscaloosa, supra; Nachman v. State Tax Comm., 233 Ala. 628, 173 So. 25; Phoenix Carpet Co. v. State, 118 Ala. 143, 22 So. 627. We answer Question 4 in the negative.

■ Section 104, subsec. (25), of our State Constitution is made the basis of Question 5. In substance, this constitutional provision says that the legislature shall not pass a special, private, or local law exempting property from taxation or from levy or sale. It is our opinion that subsec. (25) has no application to a law which levies a tax but which also provides for certain exemptions from the tax so levied. We answer your Question 5 in the negative.

We come now to a consideration of Question 6. Before writing to the specific question, we would like to call attention to certain general principles relating to the authority of the legislature over taxation, as stated in the case of Newton v. City of Tuscaloosa, supra. We quote:

"Except in so far as constitutionally proscribed, there is no limit to legislative authority over taxation. The great reserve of power over the subject rests

in the State, acting through its legislature, and, out of this plenitude of power, unless restricted by organic law, its authority is absolute. It is 'the depository of all authority on the subject,' except as so limited.

"Counties have no inherent power of taxation. They are agencies or subdivisions of the State, created by law for the more efficient administration of government, and the authority of the county to tax is one derived from the legislature, and may be withheld, withdrawn, or modified (no contractual rights of third persons intervening to compel action). Edwards v. Williamson, 70 Ala. 145; Hare v. Kennerly, 83 Ala. 608, 3 So. 683; State v. Street, 117 Ala. 203, 23 So. 807; Kimmons v. Jefferson County Board of Education, 204 Ala. 384, 388, 85 So. 774; Jefferson County v. City of Birmingham, 248 Ala. 319, 27 So.2d 584, 611; Standard Oil Co. of Kentucky v. Limestone County, 220 Ala. 231, 124 So. 523; State [ex rel. Chilton County] v. Butler, 225 Ala. 191, 142 So. 531; Mills v. Court of Com'rs, 204 Ala. 40, 85 So. 564; State ex rel. Lott v. Brewer, 64 Ala. 287.

"In line with this premise, our court has given sanction to legislative action empowering and requiring the levy and appropriation of a city or county tax for a special purpose. Slaughter v. Mobile County, 73 Ala. 134; State v. Street, supra; Keene v. Jefferson County, 135 Ala. 465, 33 So. 435.

"In the above case of Slaughter v. Mobile County, it was indicated that, under circumstances, had the governing body of the county been recalcitrant in obeying the dictates of the act, mandamus might be employed to compel official action for compliance. 73 Ala. 139.

"In exposing the fallacy of the contention that an act making a direct levy unlawfully invades the discretion of the county governing body or illegally preempts local authority, the cases point to the principle that the right of taxation is only vested in local authority by State permission and the courts will presume that the act had the sanction of the local taxpayers made known to, and acting through, their duly elected representatives. The court will presume that the act 'was with the consent, and at the request of the taxpayers of the constituent body, made known through their representatives.' Slaughter v. Mobile County, supra, 73 Ala. at page 137; Keene v. Jefferson County, supra.

"It is manifest then that out of this residuum of power, there being no organic prohibition to the contrary, the legislature was as powerful to *make* the local levy as to *require* one to be made; that 'having the authority to delegate to that city [or county], as a political and governmental agent, the power to levy, for this purpose, a tax * * * they surely, as sovereign principal, could lawfully exercise the same power * * *.' Hare v. Kennerly, supra, 83 Ala. 613, 3 So. 686." 251 Ala. 216–217, 36 So.2d 492.

Section 105 of the Constitution of this state reads:

"No special, private, or local law except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law."

We have said that § 105 does not forbid local legislation on subjects not prohibited by § 104, merely because a general law deals with the same matter. If, in the judgment of the legislature, local needs demand additional or supplemental laws substantially different from the general law, the legislature is not prohibited by § 105

from so enacting. Van Sandt v. Bell, 260 Ala. 556, 71 So.2d 529; Steadman v. Kelly, 250 Ala. 246, 34 So.2d 152, and cases cited; Johnson v. State ex rel. City of Birmingham, 245 Ala. 499, 17 So.2d 662; Talley v. Webster, 225 Ala. 384, 143 So. 555; Standard Oil Co. v. Limestone County, 220 Ala. 231, 124 So. 523; State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373.

H. 39 levies a tax in addition to that fixed by the general laws of this state. §§ 178 and 179, Title 51, Code 1940. In the case of Standard Oil Co. v. Limestone County, supra, this court upheld a local act authorizing Limestone County to levy a license tax on persons selling gasoline and motor fuel in addition to that provided by general law.

We are of the opinion that our holding in Standard Oil Co. v. Limestone County, supra, is controlling of the question here considered. We have not overlooked the provisions of § 188, Title 51, Code 1940, which read: "No county shall levy a privilege or license tax on any business or occupation on which a privilege or license tax is levied by section 176–180, 182–186 of this title." If the provisions of § 188, Title 51, were not merely statutory, but were a part of the Constitution of this state, then of course we would have a different question. But we cannot read the provisions of § 188, supra, into § 105 and thereby get a different result from that reached by this court in Standard Oil Co. v. Limestone County, supra, which holding has been followed many times. The purpose of § 188, supra, is to avoid the effect of those provisions of § 831, Title 51, Code 1940, as amended, which levy licenses for the use and benefit of the counties in an amount equal to fifty percent of the amount levied for state purposes.

Our answer to your Question 6 is No.

We have said in several cases that "in levying a privilege or license tax as to trades, businesses or occupations, the legislature may not discriminate between members of the same class, and the tax must not be so exorbitant as to prohibit or unreasonably restrain or oppress legitimate and useful trades, businesses or occupations, that are not productive of disorder or injurious to the public. In applying the tax the classification or reclassification cannot be arbitrary, fanciful or capricious, but must have a substantial basis as distinguished from a mere fictitious or fanciful basis. Aside from these restrictions, the legislative power is unrestrained." State v. Pure Oil Co., 256 Ala. 534, 55 So.2d 843, 846; Adams v. Curry, 243 Ala. 90, 8 So.2d 578; State v. Downs, 240 Ala. 74, 197 So. 382; Republic Iron & Steel Co. v. State, 204 Ala. 469, 86 So. 65.

Statutory discrimination between classes must be presumed to be relevant to a permissible legislative purpose and will not be deemed to be a denial of equal protection if any state of facts could be conceived which would support it. State v. Pure Oil Co., supra, and cases cited. In view of the rule just stated above, we cannot say in this advisory opinion, where no factual situations are presented, that the classification resulting from the provisions of § 6 makes H. 39 violative of either the due process or equal protection clause of the Fourteenth Amendment to the federal constitution. Consequently we are constrained to answer your Question 7 in the negative.

Respectfully submitted,

J. ED LIVINGSTON.
THOMAS S. LAWSON.
ROBERT TENNENT
  SIMPSON.
DAVIS F. STAKELY.
JOHN L. GOODWYN.
PELHAM J. MERRILL.