96 So.2d 634

In re OPINION OF THE JUSTICES.

No. 159.

Supreme Court of Alabama.

July 31, 1957.

The House of Representatives
State Capitol
Montgomery, Alabama

Dear Sirs:

We are in receipt of House Resolution 58, adopted July 12, 1957, which is as follows:

"HR –58     Haltom
         Broadfoot

"Whereas, important constitutional questions are presented by House Bill No. 749 (copy of which is hereto attached), now pending in the Legislature of Alabama·

"Now, Therefore, Be It Resolved By The House Of Representatives Of Alabama that the Justices of the Supreme Court of Alabama are hereby respectfully requested to render an opinion, as provided for in Title 13, Section 34 of the Code of Alabama of 1940, on the following important constitutional questions:

"(1) Will the said Bill, if enacted, constitute a levy by the State of fees or taxes for hospital purposes in violation of the provisions of Amendment

XCIII of the Constitution of Alabama, proposed by Acts of 1951, page 1306?

"(2) Will the provisions of said Bill, insofar as they are inconsistent with the provisions of Section 711 of Title 51 of the Alabama Code of 1940, violate Sections 105 and 108 of the Constitution of Alabama?

"(3) Do the provisions of said Bill violate the provisions of Sections 104 and 105 of the Constitution of Alabama?

"(4) Do the provisions of said Bill regulate fees, commissions or allowances of public officers within the prohibition of Section 96 of the Constitution of Alabama?"

"H.B. #749        By: Broadfoot
                        Haltom
              "A Bill
        To Be Entitled
           An Act

"Providing for the submission to the qualified voters of Lauderdale County the question of whether or not an annual license tax and registration fee shall be levied in the amount of $5.00 upon every motor vehicle, as defined in Section 692 of Title 51 of the Code of Alabama of 1940, as amended, owned by any individual who is a resident of Lauderdale County and upon every motor vehicle used or operated in said county and owned by any corporation, firm or association which has an office or place of business in said county, and if approved by said voters, authorizing and providing for the levying of said tax by the governing body of Lauderdale County with the concurrence of the governing body of the City of Florence, for a period not exceeding 10 years; providing for the calling, giving of notice, holding, conducting, canvassing and contesting of elections thereunder and the collection and enforcement of said license tax and registration fee; exempting motor vehicles owned and used by the state and counties and municipalities of the state, prescribing the time and manner for the payment of the license tax and registration fee; authorizing the governing body of Lauderdale County to adopt and promulgate rules and regulations necessary for the collection and enforcement of the license tax and registration fee; prohibiting any motor vehicle from using the public highways of Lauderdale County until the license tax and registration fee shall have been paid; providing that the net proceeds of said tax and fee shall be used solely for the purpose of providing additions to, improvements in and equipment for the Eliza Coffee Memorial Hospital or the payment of principal of or interest on any obligations or indebtedness incurred for such purpose and for the payment of said net proceeds to a public hospital corporation in the event said Hospital shall be acquired by such hospital corporation, and repealing all laws in conflict therewith.

"Be It Enacted By The Legislature of The State of Alabama:

"Section 1. The governing body of Lauderdale County is authorized to call an election of the qualified voters of said county to determine whether or not a special county license tax and registration fee shall be levied as hereinafter provided. The election provided for herein shall be called, held, conducted and canvassed and may be contested in the same manner as provided by law for the calling, holding, conducting and canvassing of county bond elections provided, however, the notice of election need be published only once a week in each of two consecutive weeks, the first such publication to be not less than ten days prior to the date of the election. Elections to authorize the levy of said

special county license tax and registration fee may be held as often as ordered by the governing body of Lauderdale County, but if the proposition is submitted to the voters and is defeated, another election shall not be held in one year thereafter.

"Section 2. The governing body of Lauderdale County shall declare the results of the election and, if a majority of the qualified voters participating at an election are found to have voted for the levy of the special license tax and registration fee, and if the governing body of the City of Florence files with the governing body of Lauderdale County a certified copy of a duly adopted resolution so requesting, the governing body of Lauderdale County may levy, in addition to all other taxes, licenses and fees of every kind now imposed by law, an annual license tax and registration fee in the amount of $5.00 upon every motor vehicle, as defined in Section 692 of Title 51 of the Code of Alabama of 1940, as amended, which is owned by any individual who is a resident of Lauderdale County and upon every such vehicle used or operated in said county and owned by any corporation, firm or association which has an office or place of business in said county. The county license tax and registration fee shall become due on the due date of the state license and registration fee levied under the provisions of Article 8, Chapter 20, Title 51, Code of Alabama, 1940, or any laws amendatory thereof or supplementary thereto, next following the levy of said county license tax and registration fee by the governing body of Lauderdale County, and on the same day in each year thereafter for a period of not to exceed ten years from the first date on which said tax and fee became due.

"Section 3. The Judge of Probate of Lauderdale County shall collect the annual license tax and registration fee authorized by this Act from the owner of the motor vehicle at the time he collects the state license and registration fee levied on such motor vehicles under the provisions of Article 8; Chapter 20, Title 51, Code of Alabama, 1940, or any laws amendatory thereof or supplementary thereto, and shall maintain complete records of each transaction on forms to be prescribed and furnished by the governing body of Lauderdale County, but the Judge of Probate shall not be allowed any fee for collecting the county license tax and registration fee. Until the county license tax and registration fee has been paid, the Judge of Probate shall not issue a motor vehicle license tag for use on any motor vehicle upon which a license tax and registration fee is imposed pursuant to this Act.

"Section 4. Motor vehicles owned and used by the state, and counties or municipalities of this state, shall not be liable for the payment of the county license tax and registration fee authorized by this Act.

"Section 5. Statutes providing for the purchase of any motor vehicle license on a monthly declining or half-year basis shall not apply to the license tax and registration fee authorized by this Act.

"Section 6. The purchaser of any motor vehicle shall have four days from the date of acquisition within which to pay the county license tax and registration fee authorized herein.

"Section 7. The governing body of Lauderdale County shall have the power and authority to adopt and promulgate rules and regulations necessary for the collection and enforcement of the county license tax and registration fee authorized by this Act and to expend so much of the proceeds thereof

as may be necessary to collect and enforce the tax and to provide for the evidence of the payment thereof.

"Section 8. No motor vehicle upon which a county license tax and registration fee is imposed pursuant to this Act shall be operated upon the public highways of Lauderdale County until said tax and fee shall have been paid as herein provided.

"Section 9. The proceeds of the county license tax and registration fee authorized by this Act, less the cost of collecting, administering and providing the evidence of the payment thereof, shall be used solely for the purpose of providing additions to, improvements in and equipment for the Eliza Coffee Memorial Hospital, a public hospital which is now jointly operated by the City of Florence and Lauderdale County, or for the purpose of paying the principal of or interest on any obligations or indebtedness incurred for such purpose. In the event the Eliza Coffee Memorial Hospital shall be acquired by a public hospital corporation organized under the laws of the State of Alabama heretofore or hereafter enacted, the net proceeds of said county license tax and registration fee shall be paid over to such public hospital corporation for the aforesaid purposes and, within fifteen days after the end of each month, the Judge of Probate of Lauderdale County shall turn over the net proceeds thereof to said public hospital corporation, whose duty it shall be to receipt therefor.

"Section 10. All laws and parts of laws in conflict with any provision of this Act are hereby repealed.

"Section 11. If any section, clause or provision of this Act shall be, or declared to be, invalid, this shall not affect any other section, clause or provision hereof not in itself invalid.

"Section 12. This Act shall take effect immediately upon its passage by the Legislature and approval by the Governor or upon its otherwise becoming law."

We list the answers to your questions in the same order in which asked, viz.:

(1) Our answer to this question is No.

Amendment XCIII to the Constitution of 1901, proclaimed ratified on November 19, 1952, provides as follows:

"No moneys derived from any fees, excises, or license taxes, *levied by the state,* relating to registration, operation, or use of vehicles upon the public highways except a vehicle-use tax imposed in lieu of a sales tax, and no moneys derived from any fee, excises, or license taxes, *levied by the state,* relating to fuels used for propelling such vehicles except pump taxes, shall be expended for other than cost of administering such laws, statutory refunds and adjustments allowed therein, cost of construction, reconstruction, maintenance and repair of public highways and bridges, costs of highway rights-of-way, payment of highway obligations, the cost of traffic regulation, and the expense of enforcing state traffic and motor vehicle laws. The provisions of this amendment shall not apply to any such fees, excises, or license taxes now *levied by the state* for school purposes for the whole state or for any county or city board of education therein."

[Emphasis supplied.]

■■■■ The question is whether the license tax and registration fee provided for in House Bill 749 comes within the restrictions of said constitutional amendment· as being "levied by the state." As we read said Bill no levy of a tax is there made. Instead, there is a grant of authority to Lauderdale County to make the levy. . In our view, the levy authorized is not a fee nor an excise or license tax *levied by the state* within the meaning of Amendment XCIII. It seems to us that Amendment

XCIII applies only to such fees and taxes as are levied directly by the legislature and not to those levied by counties and municipalities pursuant to authority granted by the state. If construed otherwise the words "levied by the state" would be rendered meaningless. The addition of these words manifests a clear purpose to limit the application of the amendment as herein indicated.

(2) Our answer to this question is No.

Sections 105 and 108, Constitution 1901, provide as follows:

"Sec. 105. No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law."

"Sec. 108. The operation of a general law shall not be suspended for the benefit of any individual, private corporation, or association; nor shall any individual, private corporation or association be exempted from the operation of any general law except as in this article otherwise provided."

Section 711, Tit. 51, Code 1940, is as follows:

"The registration fee or license tax herein required to be paid on motor vehicles shall be in lieu of all other privilege or license taxes which the state, or any county or municipality thereof might impose, where the motor vehicle is used by the owner. Provided further, that only one of such license tax can be levied and collected on one and the same motor vehicle for one and the same period of time; provided further, that incorporated cities and towns are hereby authorized to collect a reasonable license or privilege tax on motor vehicles used for carrying passengers or freight for hire."

As to Section 105, the question is whether House Bill 749, a local act, being in conflict with § 711, Tit. 51, a general law, comes within the prohibiting clause of Section 105 that "no * * * local law * * * shall be enacted in any case which is provided for by a general law". What was said in In re Opinion of the Justices, 262 Ala. 345, 350–351, 81 So.2d 277, 283, sufficiently answers this question, viz.:

"We have said that § 105 does not forbid local legislation on subjects not prohibited by § 104, merely because a general law deals with the same matter. If, in the judgment of the legislature, local needs demand additional or supplemental laws substantially different from the general law, the legislature is not prohibited by § 105 from so enacting. Van Sandt v. Bell, 260 Ala. 556, 71 So.2d 529; Steadman v. Kelly, 250 Ala. 246, 34 So.2d 152, and cases cited; Johnson v. State ex rel. City of Birmingham, 245 Ala. 499, 17 So.2d 662; Talley v. Webster, 225 Ala. 384, 143 So. 555; Standard Oil Co. v. Limestone County, 220 Ala. 231, 124 So. 523; State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373.

"H. 39 levies a tax in addition to that fixed by the general laws of this state. §§ 178 and 179, Title 51, Code 1940. In the case of Standard Oil Co. v. Limestone County, supra, this court upheld a local act authorizing Limestone County to levy a license tax on persons selling gasoline and motor fuel in addition to that provided by general law.

"We are of the opinion that our holding in Standard Oil Co. v. Lime-

stone County, supra, is controlling of the question here considered. We have not overlooked the provisions of § 188, Title 51, Code 1940, which read: 'No county shall levy a privilege or license tax on any business or occupation on which a privilege or license tax is levied by section 176–180, 182–186 of this title.' If the provisions of § 188, Title 51, were not merely statutory, but were a part of the Constitution of this state, then of course we would have a different question. But we cannot read the provisions of § 188, supra, into § 105 and thereby get a different result from that reached by this court in Standard Oil Co. v. Limestone County, supra, which holding has been followed many times. * * *"

As to Section 108, the question is whether Lauderdale County is an "individual, private corporation, or association", within the meaning of those terms as therein used. A county is an agency or subdivision of the state, created by law for the more efficient administration of government, and is not within the meaning of the quoted terms of Section 108. Newton v. City of Tuscaloosa, 251 Ala. 209, 216, 36 So.2d 487, and cases there cited. See Ex parte City Council of Montgomery, 64 Ala. 463, 467, where the constitutional provision (Art. 4, § 23, Constitution 1875, the forerunner of § 108, Constitution 1901) inhibited the suspension of a general law "for the benefit of any individual, corporation, or association." It is to be noted that Section 108 uses the term *"private corporation"*.

(3) This question is stated so broadly that we will not undertake to answer it categorically, but will limit our answer to the following specific questions:

A. Do the provisions of the Bill violate the following provisions of Section 104, Constitution 1901, viz.: "The legislature shall not pass a special, private, or local law in any of the following cases: * * * (15) Regulating either the assessment or collection of

taxes * * *; (17) Authorizing any county, city, town, village, district, or other political subdivision of a county, to issue bonds or other securities unless the issuance of said bonds or other securities shall have been authorized before the enactment of such local or special law, by a vote of the duly qualified electors of such county, township, city, town, village, district, or other political subdivision of a county, at an election held for such purpose, in the manner that may be prescribed by law; provided, the legislature may, without such election, pass special laws to refund bonds issued before the date of the ratification of this constitution; (18) Amending, confirming, or extending the charter of any private or municipal corporation, or remitting the forfeiture thereof; provided, this shall not prohibit the legislature from altering or rearranging the boundaries of the city, town, or village; * * *."?

B. Do the provisions of the Bill violate that part of Section 105, Constitution 1901, which prohibits the enactment of a local law "in any case which is provided for by a general law"?

Our answers to both of these questions are No.

As to question A: In Standard Oil Co. v. Limestone County, 220 Ala. 231, 234–235, 124 So. 523, supra, there was involved a local act authorizing the Court of County Commissioners to "levy" and "collect" a local gasoline tax. It was held that the "levy and collection" of the tax did not violate the restrictions of Subdivision (15). The court drew a distinction between the terms "assessment" and "levy" and held that "assessment", as used in Subdivision (15), related to property taxes rather than privilege taxes.

While it is provided that the proceeds of the tax, if levied by the county, may be used

to pay "the principal or interest on any obligations or indebtedness incurred" for the prescribed hospital purposes, there is no provision authorizing the issuance of bonds or other securities. Accordingly, there is no conflict with Subdivision (17).

The only reference in the Bill to a municipal corporation is the provision in Section 2 requiring, as a condition to the levy of the tax by the governing body of Lauderdale County, that the governing body of the City of Florence file with the County governing body a resolution requesting the levy of the tax. We do not think this provision operates to "amend, confirm, or extend the charter" of a municipal corporation contrary to Subdivision (18). Houston County v. Covington, 233 Ala. 606, 609, 172 So. 882.

■ (4) Our answer to this question is No.

Section 96, Constitution 1901, provides as follows:

"The legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, or fees, commissions or allowances of public officers."

The only provision of the Bill which could possibly be said to conflict with Section 96 is that contained in Section 3 to the effect that the Judge of Probate shall collect the tax and that he "shall not be allowed any fee" for collecting it. We see no conflict between such provisions and the provisions of Section 96.

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice.

THOMAS S. LAWSON

ROBERT T. SIMPSON

JOHN L. GOODWYN

PELHAM J. MERRILL

JAS. S. COLEMAN, Jr.
Associate Justices.