I respectfully dissent as to the majority opinion's reversal of the trial court's decision that Act No. 85-237 is valid and constitutional.
The Mobile County Commission was created on August 7, 1957, when the Alabama Legislature passed Act No. 181, Acts of Alabama 1957, a local act. The Act created the Mobile County Commission out of the existing board of revenue and road commissioners and provided for the election of its members, those members' terms of office, qualifications for that office, and various other requirements dealing with that body, including the filling of vacancies when they occurred. That Act states specifically:
 "Vacancies on the commission shall be filled by appointment by the Governor, but the office of president of the commission *Page 240 
shall be filled by the members thereof. Any person appointed to fill a vacancy shall serve the unexpired term, and until his successor is elected and qualified."
Act No. 181, § 2(b), Acts of Alabama 1957, at 234.
The local act being question here, Act No. 85-237, Acts of Alabama 1985, states, in regard to vacancies on the Mobile County Commission:
 "Whenever a vacancy occurs in any seat on the Mobile County Commission with twelve months or more remaining on the term of the vacant seat, the judge of probate shall immediately make provisions for a special election to fill such vacancy with such election to be held no sooner than sixty days and no later than ninety days after such seat has become vacant. Such election shall be held in the manner prescribed by law and the person elected to fill such vacancy shall serve for the remainder of the unexpired term."
Act No. 85-237, Acts of Alabama 1985, at 137.
This Court has on several occasions upheld trial courts' rulings that a local act amending a local act is not unconstitutional. In Freeman v. Purvis,400 So.2d 389 (Ala. 1981), the Court upheld a trial court ruling which found that:
 "Act 80-797 passed in the 1980 regular session of the Legislature of Alabama, is a Local Act which amends a local act and is not unconstitutional."
400 So.2d at 390. The Court then stated:
 "Accordingly, the trial court was correct when it held that Act No. 797 was a local law which amended Act No. 710, a preexisting local law."
400 So.2d at 392.
Local Act 85-237 is amendatory in nature, affecting the already-existing local legislation, which created the Mobile County Commission and provided for the filling of vacancies.
In Peddycoart v. City of Birmingham, 354 So.2d 808
(Ala. 1978), we stated, regarding legislation passed before and after that decision:
 "Henceforth when at its enactment legislation is local in its application it will be a local act and subject to all of the constitutional qualifications applicable to it. With regard to legislation heretofore enacted, the validity of which is challenged, this Court will apply the rules which it has heretofore applied in similar cases."
354 So.2d at 814.
The effect of this passage was to say that the new standard established in Peddycoart as to the constitutionality of local legislation would be applied only prospectively. Ex parte Bracewell, 407 So.2d 845
(Ala. 1979), reversed on other grounds,457 U.S. 1114, 102 S.Ct. 2920, 73 L.Ed.2d 1325 (1982). Where, as here, we are looking at legislation enacted prior toPeddycoart but amended afterwards, this Court is required to apply the law as it stood beforePeddycoart. That law can be found in the case ofJohnson v. State ex rel. City of Birmingham,245 Ala. 499, 17 So.2d 662 (1944):
 "Sec. 105 of the Constitution is not construed to inhibit local legislation on a subject not prohibited by the Constitution, merely because the local law is different, and works a partial repeal of a general law."
245 Ala. at 503, 17 So.2d at 664, citing Talley v.Webster, 225 Ala. 384, 143 So. 555 (1932). This Court, in Talley v. Webster, in determining whether a statute violated Section 105 of the Constitution, stated:
 "We need not review the numerous cases construing this section. Suffice it to say it does not inhibit the passage of local laws on subjects, not prohibited by Section 104, merely because such local law is different, and works a partial repeal of the general law of the state in the territory affected."
225 Ala. at 385, 143 So. at 555.
In the case of Norris v. Seibels, 353 So.2d 1165
(Ala. 1977), this Court reversed a judgment of the Alabama Court of Civil Appeals and held that a showing of specific legislative intent was necessary to effect any such repeal: *Page 241 
 "This general statute cannot be repealed by implication found in the local statute unless the legislative intent to effect such a repeal is clearly manifested."
353 So.2d at 1167. This Court held that the language used in the questioned local statute contained no express repeal of the general statute. However, such is not the case here. Section 3 of Act 85-237, Acts of Alabama 1985, demonstrates a specific legislative intent by expressly repealing "[a]ll laws or parts of laws which are in conflict with this act."
Because I believe that Act 85-237, a local act, is amendatory in nature and therefore that the law to be applied is that existing prior to our decision inPeddycoart, supra, I believe the trial court's judgment should be affirmed.
ADAMS, J., concurs.