CHURCHILL *v.* COMMON COUNCIL OF CITY OF DETROIT.

153    93
153    101

153    93
156    379
d156    380

INTOXICATING LIQUORS—REGULATION OF TRAFFIC—DETROIT CHARTER—POWER OF MUNICIPALITY—RESTRICTED DISTRICT.

    Under the authority granted by its charter (sections 184, 186) to license and regulate the sale of intoxicating liquors, the common council of the city of Detroit has authority to enact an ordinance establishing limits beyond which saloons shall not be allowed.

Certiorari to Wayne; Hosmer, Brooke, Rohnert, Donovan, and Mandell, JJ. Submitted May 5, 1908. (Calendar No. 22,516.) Decided May 26, 1908.

Mandamus by John W. Churchill to compel the common council of Detroit to approve a liquor bond. There was an order denying the writ, and relator brings certiorari. Affirmed.

*Alex. J. Groesbeck*, for relator.

*P. J. M. Hally*, for respondent.

MOORE, J. The relator, desiring to engage in the saloon business at 772 Porter street in the city of Detroit, filed his bond in due form. The common council rejected the bond because it provides for the establishment of a saloon in the restricted district defined in an ordinance passed on the 20th day of July, 1907, wherein the common council prescribed where saloons in which spirituous, intoxicating, or malt liquors are sold as a beverage might not be located. Relator applied to the circuit court for a writ of mandamus to compel the common council to approve his bond. The court denied his petition. Certiorari is brought to review that action.

The only authority of the city of Detroit to pass the ordinance is found in sections 184 and 186 of the charter, the material portions of which are as follows:

"SECTION 184. The said council shall have power * * * to license and regulate the selling or giving away of any ardent spirits, or any other intoxicating liquors by any shopkeeper, trader, grocer, inn, hotel or tavern keeper, keeper of any ordinary, saloon, recess, victualing or other house, or by any other person, in case the selling or giving away of ardent spirits or other intoxicating liquors and licensing the sale thereof, shall hereafter be authorized by the law of the State.
"SECTION 186. The common council shall have power to license and regulate the keepers of hotels, taverns and other public houses, grocers and keepers of ordinaries, saloons, victualing or other house or place for furnishing meals, food or drink."

There is no express provision of the charter giving the city power to regulate and prescribe the location of saloons or places where intoxicating liquors are sold or given away, nor is there any provision expressly giving the common council the power to suppress saloons. It is claimed that, as the charter does not in express terms give the right to establish the location of saloons, the action of the common council in establishing saloon limits is void. Counsel cites, in support of this contention, *Timm* v. *Common Council of Caledonia Station*, 149 Mich. 323, and

claims that the reasoning contained in the opinion supports this contention. That case is easily distinguishable from the case at bar. In the charter of the village of Caledonia Station, there was no power conferred to regulate the traffic. In the charter of Detroit the power to regulate is conferred upon the common council.

The power to regulate has been defined as meaning:

"To adjust by rule, method or established mode; to direct by rule or restriction; to subject to governing principles or laws. The term is one of broad import. A power to regulate does not properly include a power to suppress or prohibit, for the very essence of regulation is the existence of something to be regulated. But the power to regulate a business, trade, etc., authorizes a municipality to confine the exercise of such business to certain localities, to certain hours of the day, etc." 24 Am. & Eng. Enc. Law (2d Ed.), p. 243.

See, also, cases cited in the note.

We think the case within *People* v. *Blom*, 120 Mich. 45, and the many cases therein cited. See, also, *Love* v. *Judge of Recorder's Court*, 128 Mich. 545.

The judgment is affirmed.

OSTRANDER, HOOKER, CARPENTER, and McALVAY, JJ., concurred.