*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID SAMONA, doing business as SKI-HI
DISTRIBUTORS INC. and as SKI-HI
FIREWORKS, DENNIS ROBERTSON, doing
business as FITS ENTERTAINMENT, VIRGIL
JOHNSON, doing business as THUNDERING
FIREWORKS LLC, and MICHAEL KANAKRY,
doing business as FAMILY FUN FIREWORKS
INC.,

        Plaintiffs-Appellees,

v

CITY OF EASTPOINTE, MICHIGAN,

        Defendant-Appellant,
and

CITY OF ROSEVILLE, MICHIGAN,

        Defendant.

FOR PUBLICATION
August 29, 2024
9:10 a.m.

No. 366648
Macomb Circuit Court
LC No. 2022-001699-CZ

Before: BOONSTRA, P.J., and CAVANAGH and PATEL, JJ.

CAVANAGH, J.

Plaintiffs, David Samona (doing business as Ski-Hi Distributors Inc. and Ski-Hi Fireworks) and Dennis Robertson (doing business as Fits Entertainment) (Samona and Robertson or collectively "plaintiffs"),[1] filed this lawsuit against defendant, city of Eastpointe, Michigan

---

[1] Although identified as appellees, plaintiffs, Virgil Johnson (doing business as Thundering Fireworks LLC) and Michael Kanakry (doing business as Family Fun Fireworks Inc.), sought relief against defendant, city of Roseville, alone, and are not participating in this appeal.

(Eastpointe or the city),[2] seeking to invalidate the city's ordinances prohibiting the sale of fireworks in temporary structures and limiting the sale of consumer fireworks to brick-and-mortar buildings with fire suppression systems. The trial court invalidated the challenged ordinances as conflicting with provisions of the Michigan Fireworks Safety Act (FSA), MCL 28.451 *et seq*. Eastpointe appeals as of right, arguing that MCL 28.457(4) permits its regulation of firework sales from temporary structures, and thus, its limitation of consumer firework sales to permanent structures equipped with fire safety equipment is a permitted use regulation. We conclude that the Eastpointe Ordinances at issue, particularly § 50-91(c)(12), do not conflict with the FSA and are valid; therefore, we reverse the trial court's decision in that regard and vacate the order dismissing this case. This matter is remanded for further proceedings.

## I. BACKGROUND

## A. STATE STATUTES

The Legislature enacted the FSA with the passage of 2011 PA 256, effective January 1, 2012. The FSA grants the Department of Licensing and Regulatory Affairs (LARA) authority to certify vendors of consumer fireworks[3] and states: "A person shall not sell consumer fireworks unless the person annually obtains and maintains a consumer fireworks certificate from [LARA] under this section." MCL 28.454(1); MCL 28.452(h).

MCL 28.457 governs local ordinances pertaining to fireworks. When first enacted, MCL 28.457 stated, in full:

> (1) Except as provided in this act, a local unit of government shall not enact or enforce an ordinance, code, or regulation pertaining to or in any manner regulating the sale, display, storage, transportation, or distribution of fireworks regulated under this act.

> (2) A local unit of government may enact an ordinance regulating the ignition, discharge, and use of consumer fireworks. However, an ordinance enacted under this subsection shall not regulate the use of consumer fireworks on the day preceding, the day of, or the day after a national holiday. [MCL 28.457, as enacted by 2011 PA 256.]

Accordingly, as initially enacted, the FSA prohibited local governments from enacting any ordinance regulating the sale of fireworks.

The Legislature first amended MCL 28.457 in 2013, to state, in relevant part:

---

[2] Defendant, city of Roseville, Michigan, is not a party to this appeal.

[3] It is undisputed that plaintiffs are vendors of "consumer fireworks," as that term is defined in MCL 28.452(f). "Consumer fireworks" are one component of the broader term "fireworks," as that term is defined in MCL 28.452(j).

(1) Except as provided in this act, a local unit of government shall not enact or enforce an ordinance, code, or regulation pertaining to or in any manner regulating the sale, display, storage, transportation, or distribution of fireworks regulated under this act.

(2) A local unit of government may enact an ordinance regulating the ignition, discharge, and use of consumer fireworks, including, but not limited to, an ordinance prescribing the hours of the day or night during which a person may ignite, discharge, or use consumer fireworks. If a local unit of government enacts an ordinance under this subsection, the ordinance shall not regulate the ignition, discharge, or use of consumer fireworks on the day preceding, the day of, or the day after a national holiday except as follows:

(a) A local unit of government with a population of 50,000 or more or a local unit of government located in a county with a population of 750,000 or more may regulate the ignition, discharge, or use of consumer fireworks between the hours of 12 midnight and 8 a.m. or between the hours of 1 a.m. and 8 a.m. on New Year's [D]ay.

(b) A local unit of government with a population of less than 50,000 located in a county with a population of less than 750,000 may regulate the ignition, discharge, or use of consumer fireworks between the hours of 1 a.m. and 8 a.m. [MCL 28.457, as amended by 2013 PA 65, effective June 19, 2013).]

Although expanding the authority of local governments to regulate the ignition and use of consumer fireworks, the statute continued to prohibit local ordinances regulating the sale of fireworks.

Effective December 28, 2018, the Legislature amended MCL 28.457 to its current form. The statute now states, in relevant part:

(1) Except as provided in this act, a local unit of government shall not enact or enforce an ordinance, code, or regulation pertaining to or in any manner regulating the sale, display, storage, transportation, or distribution of fireworks regulated under this act.

(2) A local unit of government may enact an ordinance regulating the ignition, discharge, and use of consumer fireworks, including, but not limited to, an ordinance prescribing the hours of the day or night during which a person may ignite, discharge, or use consumer fireworks. [The statute provides an extended list of dates and times when the use of fireworks may not be regulated.]

* * *

(4) Beginning August 1, 2019, a local unit of government with a population of 100,000 or more or a local unit of government located in a county with a population of 750,000 or more *may enact or enforce an ordinance that regulates the use of a temporary structure*. An ordinance established under this subsection

-3-

*may include, but is not limited to, a restriction on the number of permits issued for a temporary structure, regulation of the distance required between 2 or more temporary structures, or a zoning ordinance that regulates the use of a temporary structure*. An ordinance established under this subsection may not prohibit the temporary storage, transportation, or distribution of fireworks by a consumer fireworks certificate holder at a retail location that is a permanent building or structure. As used in this subsection, "temporary structure" means a movable structure that is used in the sale, display, storage, transportation, or distribution of fireworks, including, but not limited to, a tent or a stand. [MCL 28.457, as amended by 2018 PA 635, effective December 28, 2018 (emphasis added).]

The emphasized language in MCL 28.457(4), as amended by 2018 PA 635, is the crux of this appeal.

## B. EASTPOINTE ORDINANCES

Eastpointe's City Ordinances state:

This section allows for the establishment of certain temporary uses of limited duration, provided that such uses do not negatively affect adjacent properties or municipal facilities, and provided that such uses are discontinued upon the expiration of a set time period. . . .

* * *

(b) Temporary uses and the temporary occupancy of structures may be granted for periods of not more than 14 consecutive days nor more than 42 total days within a 12-month calendar year, except as follows:

* * *

(3) Outdoor sales of seasonal goods, including flowers, pumpkins, Christmas trees and holiday baskets, may be allowed for the duration of the applicable season, but in no case to exceed 90 consecutive days; provided however, that *retail[] sales and display of fireworks from a temporary facility shall only be allowed as provided for in section 50-91 of this article*. [Eastpointe Ordinances, § 50-35 (emphasis added)].

From 2013 through 2020, Eastpointe Ordinances, § 50-91(c), within the city's zoning ordinances, stated:

*Principal uses permitted*. In the B-1 Community Business District, no building or land for outdoor sales shall be used, except for one or more of the following specified uses, unless otherwise provided in this chapter:

* * *

(11) Retail sales and display of fireworks from a permanent location.

-4-

(12) Retail sales and display of fireworks from a temporary facility such as a tent, trailer, stand, area covered by a canopy, etc., provided all other applicable requirements for peddlers, solicitors, etc., are met. [Eastpointe Ordinances, § 50-91 (2013).

Other ordinances in Eastpointe's city code provided application requirements for peddlers and solicitors but those ordinances are not at issue in this appeal.

## C. PETITION FOR ORDINANCE AMENDMENTS

After the latest amendment of MCL 28.457, Eastpointe Fire Marshal Brian Marquardt petitioned the Eastpointe City Counsel to modify the city's ordinances to prohibit the sale of fireworks from temporary structures. He argued:

1. The sale of fireworks from temporary structures such as tents has become an unsafe practice within the City of Eastpointe. The Eastpointe Fire Marshal's office is proposing a modification to Article IV of the Code of Ordinances for the City of Eastpointe.

2. Ensuring the safety of the residents, business owners and persons visiting our city is of vital importance. An ordinance change to reflect the sale of fireworks to be sold in a fully fire suppressed building will assist us in achieving this goal.

3. By eliminating tent sales, this will prevent any sources of combustion such as vehicles or discarded smoking materials coming in contact with the fireworks and creating an accidental fire.

4. For the 2020 year around the July 4[] holiday, the fire department responded to no less than 4 fires that were started by consumer fireworks causing damage to property.

The Eastpointe City Council adopted amended ordinances on July 6, 2021, by the passage of Zoning Ordinance Text Amendment, Ordinance No. 21-1213 and Ordinance No. 21-1214. Eastpointe Ordinances, § 50-91(c)(12), which is at issue in this appeal, was amended to state: "Retail sales and display of fireworks from a temporary facility such as a tent, trailer, stand, area covered by canopy, etc., are prohibited." The council also amended the fireworks ordinances within the fire prevention and protection chapter of the city ordinances. Specifically, Eastpointe Ordinances, § 20-95, regulating the "sale of fireworks" was amended to add a new provision, which states, in relevant part:

(b) *Brick and mortar location.*

(1) Consumer fireworks shall only be sold from a brick and mortar retail location if all of the following applicable conditions are met:

a. A retail location satisfied the applicable requirements of NFPA 101 and NFPA 1124[4] not in conflict of the [FSA].

b. A permanent building or structure shall be equipped with a fire suppression system in compliance with NFPA 1124.

c. All fireworks shall be stored inside the brick and mortar retail building at all times. No outside storage of fireworks at any time, in vehicles or temporary structures. . . .

The validity of Eastpointe Ordinances, § 20-95 is not at issue on appeal. The combined effect of these amendments is that fireworks may no longer be sold from temporary structures and, if consumer fireworks are sold from brick-and-mortar buildings, the structures must have fire suppression systems.

## D. COMPLAINT FILED

Plaintiffs are consumer firework vendors. They filed this lawsuit challenging Eastpointe's ban on selling fireworks from temporary structures under Eastpointe Ordinances, § 50-91(c)(12), claiming that MCL 28.457 only allows regulation—not prohibition. Plaintiffs alleged that during the 2020 and 2021 fireworks seasons, the Eastpointe ordinances permitted the sale of fireworks from temporary structures "provided all other applicable requirements for peddlers, solicitors, etc., are met." Plaintiffs contended that Eastpointe "began harboring an animus toward retailers who sold fireworks from temporary facilities." In March 2021, Eastpointe revoked Samona's permit to sell fireworks from a tent, claiming the tent's proposed location was on condemned property. Samona then secured a temporary restraining order (TRO), allowing him to operate his tent for the 2021 season. Eastpointe then amended its ordinances to completely prohibit the sale of fireworks from temporary structures, limiting the sale of consumer fireworks to brick-and-mortar buildings with fire suppression systems.

Plaintiffs contended that "no national or international fire codes, statutes or regulations . . . prohibit tent sales of consumer fireworks" and asserted that tents are safe venues for firework sales. Plaintiffs argued that they had a liberty interest in engaging in their "lawful and ongoing occupation," and "peacefully and profitably operat[ed] their businesses" in Eastpointe "for a number of years before" the city "ban[ned] their operation." Plaintiffs contended in their complaint:

60. Enactment and enforcement of the Ordinances represents an arbitrary and capricious exercise of police power which bears no relation to the preservation of the public health, safety, morals, or general welfare of the community as a whole.

---

4 "NFPA" stands for "National Fire Protection Association." MCL 28.452(p). NFPA 101 refers to the 2009 "Life Safety Code," MCL 28.452(s), and NFPA 1124 refers to the 2006 "Code for the Manufacture, Transportation, Storage, and Retail Sales of Fireworks and Pyrotechnic Articles," MCL 28.452(u).

61. Based on the above, the Ordinances are invalid and violative of the Michigan Constitution because they do not advance a legitimate governmental interest, such as public safety.

62. Based on the above, the Ordinances are invalid because they cause arbitrary and capricious decisions to be made by public officials. Furthermore, these decisions are within the exclusive jurisdiction of the State Fire Marshal.

63. Based on the above, the Ordinances are invalid because they unlawfully exclude legitimate businesses, such as tent fireworks sales, within the City of Eastpointe. . . .

64. Based on the above, the Ordinances are invalid because they lack guiding objective standards; rather the decisions to enact or enforce the Ordinances are guided by subjective standards.

65. Based on the above, the Ordinances are invalid and violate the constitutional guaranty of Plaintiffs' right to engage in any business which does not harm the public.

Plaintiffs sought a declaration that the ordinance section banning firework sales from tents was invalid and unconstitutional. They contended that the ordinances violated their right to equal protection and due process of law. And plaintiffs sought a preliminary injunction against enforcement of the amended ordinances. They also contended that the ordinances violated the zoning enabling act, MCL 125.3207, and tortiously interfered with their business relationships.

## E. EX PARTE TRO

Plaintiffs moved for an ex parte TRO to allow the sale of consumer fireworks from tents for the July 4, 2022 holiday. Plaintiffs contended that the FSA "sets forth a comprehensive statutory and regulatory framework," completely covering the field of firework regulation. To protect against interference, the FSA prohibits local governments from enacting or enforcing ordinances regulating the sale of fireworks. MCL 28.457(1). Under the FSA, a consumer fireworks vendor must secure an annual certificate from LARA. MCL 28.454. The application process requires vendors to submit site plans including safety measures, and the state fire marshal has exclusive authority to inspect those temporary structures. Plaintiffs averred that they secured the necessary certificates from the state.

To support their claim of likely success in the underlying matter, plaintiffs repeated their allegations regarding Eastpointe's interference with their businesses during the 2021 fireworks season and Eastpointe's adoption of the temporary structure ban in 2022. Plaintiffs asserted that they had retained an expert from the National Fire Protection Association (NFPA) to testify regarding the safety of selling and displaying fireworks in temporary structures. They also repeated their claims that the amended ordinances violated their constitutional rights. Plaintiffs asserted that Eastpointe's authority to "even regulate the sale of fireworks from temporary structures is questionable."

The trial court granted plaintiffs' motion and entered the requested ex parte TRO.

Thereafter, Eastpointe sought to vacate the TRO, arguing that plaintiffs would not likely succeed on the merits because they had not applied for the required temporary sales permit and the proposed locations for their tents did not meet the various site requirements under the state administrative code. Eastpointe challenged the qualifications of plaintiffs' expert witness as merely "a fireworks sales industry advocate/lobbyist." Further, Eastpointe contended that the subject ordinance was rationally related to its legitimate governmental interest in preventing fires and explosions, and in limiting temporary pedestrian foot traffic on dangerous property. In fact, Eastpointe argued, the owner of the land on which Samona intended to erect his temporary structure admitted that the property was a public nuisance and a fire hazard. And the property identified by Robertson did not meet the setback and minimum distance requirements of the state regulations. Because of these conditions, no temporary sales permits could even be issued. Eastpointe argued that denial of the TRO would not irreparably harm plaintiffs because, for example, there were several vacant buildings in the city "which could be retrofitted with fire suppression systems and leased on a temporary, 'pop-up' basis to sell fireworks just like Halloween costume stores."

The trial court set aside the TRO and held a hearing on the matter. Plaintiffs argued that the language of MCL 28.457(4), as amended by 2018 PA 635, did not permit a complete ban on firework sales from temporary structures. Rather, local regulations must be akin to the examples provided in the statute: number of permits to be granted in any given year, distance between temporary structures, and zoning regulations. Eastpointe's ordinance violated the statute and was invalid. Plaintiffs acknowledged Eastpointe's position that banning a use is a form of regulation, but cited *Churchill v Common Council of City of Detroit*, 153 Mich 93; 116 NW 558 (1908), for the proposition that prohibition is not a form of regulation.

Eastpointe argued that the Legislature amended MCL 28.457(4) "specifically for this reason" and in response to cases which ruled that the local government could not prohibit the sale of fireworks from temporary structures. By allowing zoning regulations regarding temporary structures, the Legislature permitted local governments to dictate the types of uses in temporary structures. Eastpointe further argued that *Churchill* supported its amended ordinances and holds that local governments may regulate the uses allowed in zoning districts. Eastpointe simply regulated the use, allowing consumer firework sales from permanent brick-and-mortar structures with fire suppression systems. And Eastpointe Ordinances, § 50-91(c)(12) did not directly conflict with MCL 28.457(4) because the ordinance did not prohibit something the statute permitted. Although the statute includes three examples of permitted regulations, the list is nonexhaustive. And nothing in the FSA expressly denied local governments the right to pass zoning ordinances regulating the use of temporary structures for firework sales. Plaintiffs replied that if the Legislature intended to allow local governments to prohibit firework sales from tents, the FSA would have specifically stated so.

Ultimately, the trial court entered an order, ruling:

Eastpointe's amended ordinance is invalid as violative of MCL 28.457 to the extent that it prohibits the sale of fireworks from any temporary structure. While MCL 28.457(4) allows for municipalities to "regulate" the sale of fireworks from a temporary structure, the power to regulate does not include the power to prohibit.

-8-

*Churchill*[, 153 Mich 93].  Accordingly, Defendant Eastpointe's amended ordinance goes beyond the scope of the regulation permissible by MCL 28.457(4) and is hereby declared invalid.

The trial court ordered Eastpointe to either issue the requested temporary outdoor sales permits or file a report detailing any additional bases for denying plaintiffs' applications for the permits.

Eastpointe did not issue the permits but instead filed a report detailing deficiencies with the property and site plans, and plaintiffs responded to those claims.  The trial court denied plaintiffs' request for a preliminary injunction to force the approval of their applications regardless of deficiencies.  Thereafter, the parties stipulated to the dismissal of the lawsuit with prejudice, while preserving Eastpointe's appeal rights with regard to the trial court's order invalidating Eastpointe Ordinances, § 50-91(c)(12), which prohibits the retail sale and display of fireworks from a temporary structure in a B-1 District, as violative of MCL 28.457.  This appeal followed.

Eastpointe argues that § 50-91(c)(12) of the Eastpointe Ordinances, which prohibits the sale of fireworks from temporary structures like tents, does not conflict with MCL 28.457; therefore, the trial court erred by invalidating its ordinance.  And, Eastpointe argues, plaintiffs' constitutional challenges must fail.

## II.  STANDARD OF REVIEW

"Whether a state statute preempts a local ordinance is a question of statutory interpretation and, therefore, a question of law that we review de novo."  *DeRuiter v Byron Twp*, 505 Mich 130, 139; 949 NW2d 91 (2020) (quotation marks and citation omitted).

When interpreting a statute, we follow the established rules of statutory construction, the foremost of which is to discern and give effect to the intent of the Legislature.  To do so, we begin by examining the most reliable evidence of that intent, the language of the statute itself.  If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted.  Effect should be given to every phrase, clause, and word in the statute and, whenever possible, no word should be treated as surplusage or rendered nugatory.  Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent. [*Whitman v City of Burton*, 493 Mich 303, 311-312; 831 NW2d 223 (2013) (citations omitted).]

## III.  ANALYSIS

### A.  EASTPOINTE ORDINANCES, § 50-91(C)(12)

We conclude that the trial court erred by holding that § 50-91(c)(12) is invalid.  The ordinance does not prohibit the sale of consumer fireworks; rather, it limits the locations where consumer fireworks may be sold.  Eastpointe Ordinances, § 50-91(c)(12) does not directly conflict with MCL 28.457, and that statute was not violated by Eastpointe enacting a regulation outside the examples provided in a nonexhaustive list stated within the statute.

The trial court decided this case under preemption principles.

> Generally, local governments may control and regulate matters of local concern when such power is conferred by the state. State law, however, may preempt a local regulation either expressly or by implication. Implied preemption can occur when the state has occupied the entire field of regulation in a certain area (field preemption) or when a local regulation directly conflicts with state law (conflict preemption). In the context of conflict preemption, a direct conflict exists when the ordinance permits what the statute prohibits or the ordinance prohibits what the statute permits. [*DeRuiter*, 505 Mich at 140 (quotation marks and citations omitted).]

In this case, the trial court applied conflict-preemption principles, which applies "if the ordinance is in direct conflict with the state statutory scheme." *Id.* (quotation marks, citation, and alterations omitted). Stated differently, "[c]onflict preemption . . . applies . . . if the ordinance is in direct conflict with the state statutory scheme, such that conformity with both is not possible." *Mich Gun Owners, Inc v Ann Arbor Pub Sch*, 502 Mich 695, 703; 918 NW2d 756 (2018). Our analysis "must necessarily begin with an examination of both the relevant provisions of the [statute] and of the ordinance." *DeRuiter*, 505 Mich at 140-141.

> As set forth above, the current version of MCL 28.457(4) states, in relevant part:

> [A] local unit of government . . . may enact or enforce an ordinance that regulates the use of a temporary structure. An ordinance established under this subsection may include, but is not limited to, a restriction on the number of permits issued for a temporary structure, regulation of the distance required between 2 or more temporary structures, or a zoning ordinance that regulates the use of a temporary structure. An ordinance established under this subsection may not prohibit the temporary storage, transportation, or distribution of fireworks by a consumer fireworks certificate holder at a retail location that is a permanent building or structure.

Eastpointe Ordinances, § 50-91(c)(12) states: "Retail sales and display of fireworks from a temporary facility such as a tent . . . are prohibited." A related ordinance, Eastpointe Ordinances, § 20-95(b)(1)(b), states: "Consumer fireworks shall only be sold from a brick and mortar retail location" "equipped with a fire suppression system."

> The statute allows local governments to "regulate" firework sales from temporary structures. Eastpointe "prohibit[s]" firework sales from temporary structures. Plaintiffs contend that § 50-91(c)(12) directly conflicts with the statute because regulation does not encompass prohibition. The cases underlying plaintiffs' position were decided in 1908, and before. Specifically, in *Churchill*, the Michigan Supreme Court held in 1908 that the power to regulate does not include the power to prohibit:

> The power to regulate has been defined as meaning "to adjust by rule, method or established mode; to direct by rule or restriction; to subject to governing principles or laws." "The term is one of broad import." "A power to regulate does not properly include a power to suppress or prohibit, for the very essence of regulation

-10-

is the existence of something to be regulated; but the power to regulate a business, trade, etc., authorizes a municipality to confine the exercise of such business to certain localities, to certain hours of the day," etc. [*Churchill*, 153 Mich at 95, quoting 24 American & English Encyclopedia of Law (2d ed), p. 243.]

See also *Timm v Council of Village of Caledonia Station*, 149 Mich 323, 325; 112 NW 942 (1907) ("That the power to regulate is not power to prohibit has been many times decided[.]"); *People ex rel Workman v Detroit Board of Education*, 18 Mich 400, 404 (1869) ("The power to regulate is not the power to prohibit[.]"). And more recently, in *UAW v Green*, 302 Mich App 246; 839 NW2d 1 (2013), this Court held:

The ordinary meaning of the word "regulate" can be found in the first definition of "regulate" in *Merriam-Webster's Collegiate Dictionary*:

1a: to govern or direct according to rule b (1): to bring under the control of law or constituted authority (2): to make regulations for or concerning . . . 2: to bring order, method, or uniformity to . . . 3: to fix or adjust the time, amount, degree, or rate of . . . . [*Merriam-Webster's Collegiate Dictionary* (11th ed, 2006) p 1049.]

Thus, the ordinary meaning of the word "regulate" is to govern, direct, or control *according to rule, law, or authority*. [*Id*. at 265.]

Eastpointe contends that the pre-1909 Supreme Court cases no longer applied after the enactment of the Home Rule City Act, MCL 117.1a *et seq*., and amendment of the Michigan Constitution, giving local governments the power to regulate local concerns. But even if the authority to regulate does not encompass the authority to prohibit, the Eastpointe ordinances do not prohibit the sale of consumer fireworks. Eastpointe merely limited the locations from which consumer fireworks could be sold. Consumer fireworks may be sold in the B-1 commercial district from brick-and-mortar structures with fire suppression systems. This is consistent with *Churchill*.

In *Churchill*, 153 Mich at 94, the plaintiff sought permission to open a saloon in a zoning district where saloons were precluded by ordinance. The city council denied his request and the plaintiff sought a writ of mandamus from the circuit court which was denied and the plaintiff appealed. *Id*. The Supreme Court affirmed the decision denying the plaintiff's attempts to open a saloon in a zoning district where saloons were restricted. *Id*. at 95. The Court noted that municipalities may "confine the exercise of" certain uses "to certain localities." *Id*.

The holding in *DeRuiter*, 505 Mich 130, also supports Eastpointe's "regulation" of the sale of consumer fireworks by prohibiting sales from temporary structures. The plaintiff in *DeRuiter* cultivated medical marijuana in a leased commercial building, meeting the definition of an "enclosed, locked facility" under MCL 333.26423(d) of the Michigan Medical Marihuana Act (the MMMA), MCL 333.26421 *et seq*. *Id*. at 135. However, Byron Township's zoning ordinance limited the cultivation of marijuana to a residential dwelling or attached garage as a "home occupation." *Id*. at 135-136. The Court described this as "a locational restriction," meaning it was "a zoning restriction that regulates where an activity may occur within a municipality." *Id*. at 136 n 5. The township required the cultivators of medical marijuana to secure a permit, which was

revocable by the township if the applicant failed to follow the requirements of the MMMA or the township's ordinances. *Id*. at 137. The township's ordinance "allows for the medical use of marijuana," as protected by statute, "but places limitations on where the caregiver may cultivate marijuana within the township . . . ." *Id*. at 142. "The 'enclosed, locked facility' requirement in the MMMA concerns what type of structure marijuana plants must be kept and grown in" to be protected under the MMMA. *Id*. at 143. "[T]he requirement does not speak to *where* marijuana may be grown." *Id*. The Court held the ordinance and the statute were not in direct conflict. *Id*. at 143-144.

Similarly, here, Eastpointe did not prohibit the sale of fireworks; rather, § 50-91(c)(12) prohibits the sale of fireworks from temporary locations.[5] Eastpointe also required that if consumer fireworks are sold from brick-and-mortar buildings, the structures must have fire suppression systems. Therefore, the ordinance does not conflict with MCL 28.457(4) in this regard.[6]

The parties also disagree about the type of regulation permitted under MCL 28.457(4). Interpreting the phrase "[a]n ordinance established under this subsection may include, but is not limited to," plaintiffs contend that Eastpointe's regulations must be similar to the examples provided. To the contrary, Eastpointe contends that the statute gives it full discretion to determine how to regulate the sale of fireworks from temporary structures. We agree with Eastpointe.

The rules of statutory construction are well established and include that words are given their plain and ordinary meaning. *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). And this Court, as well as our Supreme Court, have interpreted the phrase "including but not limited to" and the phrase "may include, but is not limited to" consistently to be illustrative and not definitive, allowing discretion to inform the precise parameters. See, e.g., *Estate of Ketchum v Dep't of Health & Human Servs*, 314 Mich App 485, 502; 887 NW2d 226 (2016) (interpreting MCL 400.112g(3)(e)); *FMB-First Nat'l Bank v Bailey*, 232 Mich App 711, 726-727; 591 NW2d 676 (1998) (interpreting the former MCR 2.114(E)). As our Supreme Court explained in *In re Forfeiture of $5,264*, 432 Mich 242, 255; 439 NW2d 246 (1989), "the proviso, 'including

---

[5] Similarly, an ordinance regulating the hours during which fireworks sales could be made would not properly be deemed to impermissibly prohibit the sale of fireworks because they could not be sold at other times.

[6] We also note that while MCL 28.457(4) allows municipalities to enact ordinances that "regulate[] the use of a temporary structure," it specifically then provides that "[a]n ordinance established under this subsection may not prohibit the temporary storage, transportation, or distribution of fireworks by a consumer fireworks certificate holder at a retail location that is a permanent building or structure." By necessary inference, that statutory carve-out of a limited, impermissible prohibition means that the statute was not intended to exclude other prohibitions that do not fall within that limited exception. See *Pittsfield Charter Twp v Washtenaw Co*, 468 Mich 702, 711-712; 664 NW2d 193 (2000) (applying the canon of statutory construction known as *expressio unius est exclusio alterius*, which means "the expression of one thing suggests the exclusion of all others.")

but not limited to' " should not be viewed as a limitation but rather "connotes an illustrative listing, one purposefully capable of enlargement." And in *People v Feeley*, 499 Mich 429, 438; 885 NW2d 223 (2016), our Supreme Court again held that the phrase "including, but not limited to" evinced an intent to be expansive and illustrative so as "not to limit a definition to listed examples" that followed the phrase. Accordingly, principles of statutory construction as well as long-standing precedent support Eastpointe's interpretation of MCL 28.457(4) as giving local governments discretion to regulate the use of temporary structures for the sale, display, storage, transportation, or distribution of consumer fireworks.

Finally, MCL 28.457(4) states that a local ordinance "may not prohibit the temporary storage, transportation, or distribution of fireworks by a consumer fireworks certificate holder at a retail location that is a permanent building or structure." And Eastpointe expressly protected this activity by permitting the sale of consumer fireworks from brick-and-mortar buildings with fire suppression systems in Eastpointe Ordinances, § 20-95.

In summary, we conclude that Eastpointe Ordinances, § 50-91(c)(12) is valid and does not conflict with MCL 28.457. Accordingly, we reverse the trial court's decision invalidating the ordinance based on conflict preemption and vacate the order dismissing this case.[7] Plaintiffs also challenged the constitutionality of Eastpointe Ordinances, § 50-91(c)(12) in their complaint but the trial court did not reach that issue; thus, we decline to address it. This matter is remanded for continued proceedings.

Reversed, vacated, and remanded for continued proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra
/s/ Sima G. Patel

---

[7] We note that plaintiffs raise field preemption as an alternate ground for affirmance on appeal but that issue was not raised before, and determined by, the trial court; thus, we decline to decide it.